49 So.2d 798 (1951)
RICHARD
v.
TOMLINSON, City Clerk of City of Miami Beach.
Supreme Court of Florida, Special Division A.
January 5, 1951.
Sibley & Davis, Miami Beach, Vincent C. Giblin and David Drucker, Miami, for petitioner.
Ben Shepard, Miami, for respondent.
THOMAS, Justice.
The charter of the City of Miami Beach, Chapter 7672, Laws of Florida, Special Acts of 1917, as amended by Chapter 22400, Special Acts of 1943, contains the provision that any member of the council may be recalled if certain procedure is followed, the very first step of which is the making and filing with the city clerk by "any twenty-five qualified electors * * * [of] an affidavit containing the name * * * of the Councilman * * * whose removal is sought and a statement of the grounds for removal." (Emphasis supplied.)
The immediate and, we think, the decisive point in this case is the efficacy of the affidavit signed by thirty-nine electors of the city stating they sought the removal of Melvin J. Richard, councilman, and giving as "ground for his removal" that he "has indulged in activities that are inimical to the best interests of the citizens of Miami Beach."
We think such a statement falls woefully short of meeting the requirement of the statute. When the legislature was at pains to specify as a basis for a recall that a sworn statement should be given containing a ground for removal, we apprehend that a real foundation for such a harsh test was meant, and we think too it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office. The ground for the action was contemplated to be something stronger than a belief or an idea; and the one set out in the affidavit before us amounts to no more than one of these. The paper in no way apprised the petitioner of the charge he would be expected to meet were the recall election held, nor would any elector participating in such an election know what issue was intended to be drawn.
If the affiants knew of any facts justifying the election, they kept them to themselves, and for aught the reader would *799 know, the signing of the affidavit might have been dictated by whim or caprice. The instrument constitutes nothing more than the statement of a conclusion or opinion without any tangible basis in fact. No one scanning it could tell what was in the affiants' minds or, for that matter, whether they were of one mind or each had a different reason for setting the recall machinery in motion.
We see no need to explore the law with reference to gauging the force of the affidavit by the liability of a signer to prosecution for perjury if the contents are untrue, because we think the affidavit is patently devoid of the substance which the legislature intended should show real reason for instigating the election.
Let us assume that the motive of each signer was of the loftiest character; we still have only an opinion. Let us suppose any issue where the sentiment of the community has been sharply divided, one segment feeling sincerely that a certain course would be "to the best interests of the citizens," the other feeling as strongly that an opposite course would be. As soon as a councilman became allied with one group and exerted himself in their behalf, the opposing group could, doubtless conscientiously, swear that the official had engaged in activities "inimical to the best interests of the citizens" simply because they entertained the belief that the wrong course had been chosen.
The petitioner had a property right in the office to which the people had elected him, State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148, and he could not be forced into a recall election to determine whether he should be ousted, but a few months after entering his term, in the absence of a substantial compliance with the law prescribing the procedure for such drastic action. Platt v. Ross, 112 Fla. 596, 150 So. 716.
Because the affidavit failed utterly to form a foundation for the proceeding the petition for certiorari is granted and the order denying the motion for decree on bill and answer is quashed, with directions to enjoin permanently furtherance of the recall.
ADAMS, C.J., and CHAPMAN and ROBERTS, JJ., concur.