PER CURIAM.
The above captioned cases, a suit for declaratory decree, number 1576, and a mandamus action, number 1577, were consolidated for trial before the lower court and likewise consolidated on appeal for purposes of the record, briefs, and oral argument before this court. Due to the brevity of time, since the recall election concerned in these cases was ordered for the 17th day of November, 1959, this order is necessarily limited in its statements. In due course an opinion will be filed in the declaratory decree suit.
The circuit court of Polk County, through the issuance of a peremptory writ of mandamus, ordered and directed the city commissioners constituting the City Commission of the City of Lakeland, Florida, forthwith to do all things necessary to call and hold a recall election on the 17th day of November, 1959, for the purpose of determining whether R. Tom Joyner, Jr., William G. Cooper, Jr., Clarence O. Fisher, and Wendell H. Watson shall be recalled each from his office as a city commissioner. The commissioners sought to be recalled instituted a suit in equity seeking a declaratory decree and also seeking through such proceeding to enjoin the city clerk and the acting city clerk of the City of Lakeland, Florida, from further proceeding with calling and making effective a recall election.
The trial judge through the issuance of the peremptory writ of mandamus held, in effect, that all of the proceedings to require the recall election, as well as the grounds for recall stated in the petition, sufficiently fulfilled the requirements of law. The dismissal of the declaratory decree proceeding by the trial judge had the same effect.
The appellant commissioners asserted and contended in the causes below and before this court that the case of Richard v. Tomlinson, Fla.1951, 49 So.2d 798, rendered by the Supreme Court of Florida, is decisive of the question, for which they contend, that the statement contained in the petition does not constitute a sufficient basis nor present valid grounds for recall. After having obtained the original record in that case on file in the office of the Clerk of the Supreme Court of Florida, and after a careful study of it and the opinion of the Supreme Court, this court is impelled to the conclusion that the appellants are correct in their position that the Richard v. Tomlinson case controls this question of sufficiency of grounds.
Since the date of the recall election ordered is near, this court shall not remand the mandamus case to the lower court for action in conformity with this order but does hereby quash the peremptory writ of mandamus heretofore issued and does di *472 rect the city commissioners constituting the City Commission of the City of Lakeland to meet forthwith and rescind their action taken pursuant to the peremptory writ for the calling and holding of the recall election, and to take such other steps as may be necessary to set aside and cancel the recall election fixed for the 17th day of November, 1959.
It is so ordered.
ALLEN, C. J., and KANNER and SHANNON, JJ., concur.