116 So.2d 472 (1959)
R. Tom JOYNER, Jr., William G. Cooper, Jr., Clarence O. Fisher and Wendell H. Watson, Individually and As Members of the City Commission of the City of Lakeland, Florida, Appellants,
v.
L.R. SHUMAN, As City Clerk of the City of Lakeland, Florida, and Gay Murphy, As Acting City Clerk of the City of Lakeland, Florida, and Roy H. McArthur, Morris Pritchard, T.E. Holcom and John R. Phillips, Appellees.
No. 1576.
District Court of Appeal of Florida. Second District.
December 4, 1959.
*473 Robert T. Miller, City Atty., Lakeland, and T. Paine Kelly, Jr., and Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
E. Snow Martin, D.B. Kibler, III, and Bryant, Martin & Kibler, Lakeland, for intervenor-appellees.
ALLEN, Chief Judge, and KANNER, Judge.
R. Tom Joyner, Jr., William G. Cooper, Jr., Clarence O. Fisher and Wendell H. Watson, individually and as members of the City Commission of the City of Lakeland, Florida, filed an action to enjoin the holding of a recall election in which the said parties were subject to be recalled as city commissioners of the City of Lakeland. A hearing was held and injunction denied.
A companion case involving the same questions of law was filed by Roy H. McArthur and others to secure a mandamus writ requiring the city commissioners of the City of Lakeland forthwith to do all things necessary to call and hold a recall election pursuant to the city charter of the City of Lakeland on the 17th day of November, 1959, for the purpose of determining whether the above named four city commissioners should be recalled from their office. The first case is carried as this court's case number 1576 and the latter case as case number 1577. The two cases were consolidated in the lower court for argument; and, on the entering of a final decree adverse to the appellants, an appeal was taken to this court in both cases which were consolidated for briefing and oral argument.
Petition for supersedeas was denied by the lower court in each case; and a motion for review was filed in this court immediately, which petition was taken under advisement by this court.
This court, on the 13th day of November, 1959, entered an order reversing the circuit judge and directing that the city commission of the City of Lakeland meet forthwith and cancel the recall election set for November 17th. A per curiam opinion and order was entered in case number 1577 with the statement made therein that due to a lack of time a full opinion was not being written, but subsequently such an opinion would be written and filed in case number 1576.
Section 169 of the charter of the City of Lakeland provides in part:
"Any or all members of the City Commission may be removed from office by the electors by the following procedure: A petition for the recall of commissioners designated, signed by at least twenty per cent of the electors of the city, and containing a statement of not more than two hundred words of the grounds of the recall, shall be filed with the city clerk, who shall forthwith notify the commissioner or commissioners sought to be recalled, and he or they, within five days after such notice, may file with such city clerk, a defensive statement in not exceeding two hundred words."
Petitions for recall were filed and circulated, pursuant to the city charter of the City of Lakeland, alleging generally that the four commissioners should be recalled for their actions in removing the city manager, city attorney and the assistant city attorney. The city commissioners sought to be recalled contended in the lower court and in this court that the city commission had the legal right to remove each of the officials and, therefore, that no valid grounds were assigned for their recall. The lower court, in its order of the 8th of October, 1959, held that the grounds of the recall were sufficient and issued the peremptory writ hereinabove referred to ordering the recall election. The court, in his final decree, said:
"3. The law governing this matter is as set forth in McQuillin on Municipal Corporations, 3d Edition, 1949, *474 4th Volume, § 12.251 at page 313, which is as follows:
"`In theory and in fact municipal government by recall of officers presents purely political issues to the electors. The procedure is neither a judicial, quasi, or semijudicial inquiry. The reasons for recall whether true or false do not affect the proceeding. Their truth or sufficiency is for determination by the electors alone. However, the cause for recall must relate to competency or official conduct in the office. And the validity of the proceedings for recall is a judicial question.'"
The circuit judge had ample precedent to support his position that the grounds of the recall were sufficient in authorities outside of the State of Florida. For instance, 19 R.C.L.Mun.Corp., § 239, page 939, states:
"Recall of Municipal Officers.  In recent years in many of the states a system has been adopted providing for the removal of municipal officers during the term for which they were elected, by vote of the people at a special election called upon the petition of a specified proportion of the electorate. This system is known as the recall. While it is generally required that the petition for the recall of an officer shall contain a statement of the grounds for which the removal is sought, such a provision does not contemplate and require that a recall petition should be drawn with a due regard for the technical niceties and refinements of the rules of law which pertain to the preparation of pleadings in civil and criminal cases. The purpose of the statutes in providing for a recall election is to give the people of the municipality the right to cut short the official term of every elected officer whose conduct in office is for any cause unsatisfactory or distasteful to the body of the community. The petitioners are only required to state generally their grounds or reasons for demanding the removal of the obnoxious officer, for the obvious and only purpose of furnishing information to the people of the community upon which a political issue rather than an issue at law may be raised and determined. Statutes of the kind now under consideration necessarily impose upon the city clerk or some other appropriate officer the duty of ascertaining whether the recall petition has been signed by the requisite number of qualified voters, and in the absence of fraud or mistake his determination of this question is not open to review by the courts. Upon the certificate of such officer that a sufficient petition has been filed, the duty of the municipal council to call a special election is purely ministerial, and will be enforced by writ of mandamus upon the petition of a candidate for the office or of one or more of the electors. A taxpayer has not such an interest in a suit to enjoin the holding of an election to recall an officer of a municipality in pursuance of the provisions of its charter as will entitle him to prosecute such suit as a complainant. Upon the question whether a provision for the recall of municipal officers is exclusive of other methods of removal the courts are not in agreement, since the conclusion upon this point depends upon the intent of the legislature as manifested by the phraseology of the statute in each case." (Emphasis added.)
In 28 Am.Jur., Initiative, Referendum and Recall, § 59, page 183, a further elaboration is given citing the above quoted text.
In 62 C.J.S. Municipal Corporations § 516, the following is stated in regard to the sufficiency of the grounds of a recall petition:
"* * * Where the charter requires only that the petition shall contain a general statement of the grounds of dissatisfaction on which the removal *475 is sought, it is sufficient that it appears in general terms that the official conduct of the officer whose recall is sought has been in opposition to the will and preferences of his constituents and obstructive to the best interests of the city. Under such a provision it is the province of the electors, and not of the court, to determine the sufficiency of the grounds relied on for removal. It has been held that such a charter provision does not contemplate a recall of the officer at any time his official conduct is not responsive to the wish or will of the majority of the electors in his precinct or ward, but that the grounds to be stated in the petition must relate to the fitness of such an officer to hold office or his official conduct therein."
Charles S. Rhyne, in his book on Municipal Law, 1957 Edition, at page 189, states with reference to recall:
"§ 8-42 Recall. Where authorized by constitutional, statutory or charter provisions, elective officers may be recalled at an election requested by a petition signed by the required number of qualified voters. Unless the grounds for recall are specified by statute, an officer may generally be recalled for any reason. And the effect of a valid recall election is similar to a judgment of removal by a court. A recall election is mandatory if a petition is signed by the required percentage of voters, and the officer receiving the petition may or may not be permitted to inquire into the petitioners' qualifications. A recall election may generally be enjoined where statutory requirements are not being followed and there is no adequate remedy at law. But it was held that where a valid and an invalid charge were included in the ballot synopsis, and there was no timely challenge to the insufficient charge, an injunction could not be granted. Depending upon statutory provisions the election of a successor may or may not be combined with a recall vote."
In the case of State ex rel. Hackley v. Edmonds, 1948, 150 Ohio St. 203, 80 N.E.2d 769, 770, an original mandamus proceeding was filed in the Supreme Court to compel the city clerk of the City of Hamilton to issue recall petition forms as provided by the charter of the city. A general demurrer was filed by the respondents to test the sufficiency of the petition. The petition, among other things, recited:
"`The Recall.
* * * * * *
"`Section 146. A member of the council may be removed from office by the electors of the city. The procedure for effecting such a removal shall be as follows:
"`Any elector of the city may make and file with the city clerk an affidavit stating the name of the member whose removal is sought and the grounds alleged for such removal. * * *'"
The grounds, as appear in the opinion, are as follows:
"`As grounds for such recall election or removal from office, affidavit says that said Edward Beckett has violated the pledges which he made to the electorate of the city of Hamilton in the course of his campaign for election to said office; has departed from, and performed in office contrary to, the representations which he made to the electorate of said city whereby he sought election to said office; has circumvented the desires and purposes and betrayed the interests of the electors of said city by whose votes he was elected to said office; his conduct in said office has been inimical to the welfare and best interests of the city of Hamilton and of its citizens. Affiant believes, and therefore states, that the majority of the electors of said municipality *476 desire the recall and removal of said Edward Beckett from said office. * * *'"
The respondent, in State v. Edmonds, supra, contended that the recall provisions of the charter were in conflict with Section 38, Article II of the Constitution of Ohio. The Ohio Supreme Court, in its decision, said:
"It is claimed by respondent that, since Section 38, Article II, provides for removal from office, upon complaint and hearing, a recall from office under a charter provision allowing such a procedure by a vote of the people violates the provisions of Section 38.
* * * * * *
"By its charter the city of Hamilton has chosen to elect its councilmen for conditional two-year terms. The condition of that election is that the term shall be for two years unless, under the provisions of the charter, a councilman is recalled by a majority vote of the electors. His term is not for two years, it is only for two years if he is not legally recalled under the provisions of the charter. A recall is not based upon the breach of any law, moral turpitude or other matter reflecting upon the character or fitness of the councilman concerned to hold office. The recall is simply a device which the people of Hamilton have seen fit to write into their charter, by which the councilman can be called to the test of a popular vote as to his right to continue in office. The prospective councilman knows, when he is a candidate for the office the conditions of its tenure, and, therefore, by his election, he secures no vested right in anything except a conditional two-year tenure as restricted in the charter."
* * * * * *
"We do not see, however, that Section 38, Article II, can have any bearing upon the present case. Here we have a situation which does not involve a removal of an officer for cause, which is an essential element in the operation of Section 38, Article II, but we have, on the other hand, the functioning of the machinery provided by the charter of the city of Hamilton for the operation of a condition concerning the restricted two-year term of a member of its council.
* * * * * *
"It must be remembered that there is no provision in the Ohio Constitution prohibiting a recall provision in a municipal charter adopted pursuant to Section 7, Article XVIII, and there is no compulsion upon a municipality to adopt such a charter. * * *"
The Supreme Court of Arizona in Abbey v. Green, 1925, 28 Ariz. 53, 235 P. 150, held that the grounds assigned in a petition for recall need not charge specific misconduct in office; as any reasons of electorate for wishing to be rid of an officer are sufficient.
The Supreme Court of Nebraska in State ex rel. Topping v. Houston, 1913, 94 Neb. 445, 143 N.W. 796, 50 L.R.A.,N.S., 227, also held that the power granted to electors of a city to remove certain public officers is political in its nature and is not the exercise of any judicial function. The statute in this case also required the petition to contain a general statement of the grounds upon which the removal was sought.
In opposition to the view that the grounds for the recall of an official are purely political in nature, so that the electorate may recall their officials at any time the actions of the officials run contrary to their views, are the decisions from other states which, in effect, hold that the charges, grounds or reasons given for the recall must be more than disagreement with matters of policy but the acts of the officers sought to be recalled should, in effect, constitute misfeasance, malfeasance or nonfeasance in office. The latter view is supported by Amberg v. Welsh, 325 Mich. 285, 38 N.W.2d 304, 306-307, *477 decided by the Supreme Court of Michigan, in which case the Court said:
"* * * The charges made in the petition state clearly the reason or reasons for recall, furnishing information to the electors on which they may form a judgment when called upon to vote. They show acts or a failure to act which in the absence of a sufficient justification would warrant a recall. In this respect they differ from those set forth in Newberg v. Donnelly, 235 Mich. 531, 209 N.W. 572. It is not necessary that each statement in the petition by itself state facts that would constitute sufficient charge of misconduct. It is sufficient if the statements taken as a whole present facts that constitute one or more acts or failure to act constituting misfeasance, malfeasance or nonfeasance.
* * * * * *
"* * * Even though the statements may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and the mayor, the acts or failure to act which without justification would constitute misfeasance in office.
"Other reasons are also given. Some are of a serious nature. They allege facts not conclusions. Even if some of the reasons are unimportant or insufficient, as defendants claim, there are sufficient valid reasons, properly stated, in the petition that may be classified as charges of misfeasance, malfeasance or nonfeasance to raise a question as to whether the mayor's acts warrant a recall, and entitled the electors to vote thereon."
Also in opposition, the State of Washington cases indicate that, through constitutional and statutory provision, a recall petition must charge an officer with some act or acts of malfeasance or misfeasance while in office or a violation of the oath of office. Cudihee v. Phelps, 1913, 76 Wash. 314, 136 P. 367, and Pybus v. Smith, 1914, 80 Wash. 65, 141 P. 203, L.R.A. 1915A, 285.
The appellees contend that the Supreme Court of Florida in State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148, 149, held that the sufficiency of recall charges is a political question and thus upholds the view of the lower court.
In State ex rel. Landis v. Tedder, supra, an affidavit was filed with the Hollywood City Clerk for the removal of W.L. Adams, one of the city commissioners. The city clerk advised Commissioner Adams that he would certify that the number of registered voters signing the petitions was sufficient under the charter and that he would certify these petitions to the city commission of Hollywood at its next regular meeting, as a basis for ordering a recall election against the commissioner. The commissioner filed a bill for an injunction against the city clerk to restrain him from certifying the said petitions on the ground that the registered voters signing the petitions were not sufficient. The circuit judge granted the injunction and an original prohibition proceeding by the State on the relation of Landis, attorney general, was filed in the Supreme Court to set aside the injunction and restrain the circuit judge from further proceeding in the case.
The Supreme Court, in its opinion, stated that a recall election is a special, extraordinary proceeding, and that the authority for any recall of an officer must rest upon a substantial compliance with the statutory provisions by which it is authorized. The Court then said in its opinion:
"* * * Recall elections can only be held when the statutory authority therefor has been granted and substantially pursued. Interference with such unusual and extraordinary elections by injunction or otherwise will have no other effect than to delay a particular recall effort until such time as the court is satisfied that the proceedings for the invocation of the desired recall *478 are in sufficient compliance with the law to warrant the calling and holding of an election for that purpose.
"It has been held that an officer against whom a recall petition is launched has a sufficient interest to entitle him to maintain an action in equity upon good cause to enjoin proceedings upon such recall; that, although he cannot claim exemption from removal by recall, such officer has the right to demand that the proceedings therein do not substantially depart from the statutory mode prescribed, and to insist that the officers do not perpetrate a legal fraud upon him by acting upon an illegal petition. Baines v. Zemansky, 176 Cal. 369, 168 P. 565.
* * * * * *
"The sufficiency of the charges for the recall of a public officer to cause the voters to require his removal is a political question to be determined by the people. But the illegality of the proceedings therefor, and whether those attempting to act against the officer have complied with the law, is a judicial question for determination by the courts. An action will therefore lie to enjoin the holding of a recall election when the ground is that the provisions of the statute authorizing the election are not being complied with, and no other plain, complete, and adequate remedy at law exists for the protection of the rights of complainant. See Gibson v. Campbell, 136 Wash. 467, 241 P. 21; Leslie v. Griffin, Tex. Civ.App., 23 S.W.2d 535."
The Supreme Court then held that the rule nisi in prohibition should be sustained and the proceeding dismissed.
The statement in State ex rel. Landis v. Tedder, supra, that the sufficiency of the charges for recall of the public officer is a political question to be determined by the people, was not presented before the Supreme Court for determination and, therefore, was not ruled upon. Notwithstanding this statement, however, in the case of Richard v. Tomlinson, Fla. 1951, 49 So.2d 798, the Supreme Court in its opinion departed from that utterance.
This court, in reaching its decision, is bound by the provisions of the Lakeland City Charter concerning grounds for recall, together with any controlling decision of the Florida Supreme Court as to the interpretation of such charter provision. The Lakeland charter specifies that a recall petition must contain a statement of the "grounds of recall." The statement in the instant petition reads:
"We, the undersigned citizens and residents, who are qualified electors of the city of Lakeland, Florida, do hereby petition for the recall of City Commissioners R. Tom Joyner, Jr., William G. Cooper, Jr., Clarence O. Fisher and Wendell H. Watson for reason that said commissioners in their action of the removal of David O. Payne as City Manager, J.C. Rogers as City Attorney and Ralph E. Daugherty as Assistant City Attorney brought great disrepute to the City of Lakeland, and said action is a disgrace to the citizens of Lakeland, Florida. By their action the entire citizens of Lakeland are being held to scorn and the outside public has lost faith and confidence in Lakeland, Florida. That said action will also impair the good credit of the City of Lakeland, Florida and deter the citizens outside of Lakeland, Florida from trade within said City. Industry will not seek to come to Lakeland, Florida where such roughshod conduct is permitted, and the growth of Lakeland will be retarded."
The appellant-commissioners assert that the grounds of the petition, in order to measure up to the standard of sufficiency *479 in substance, should have charged some misconduct, misdeed, misbehavior or some incident of malfeasance, misfeasance or nonfeasance in office, or at least it should have charged bad faith or improper motive. They say that what they did and what they are charged with doing was in the valid exercise of the functions of their office. The authority upon which the appellants rely is section 27 of the charter which specifically provides that the city manager "* * * shall hold office at the pleasure of the city commission" and section 32, which provides that "The city commission shall appoint a city attorney who shall hold office at the pleasure of the city commission." This is not disputed.
The case upon which this court relies as controlling is the case of Richard v. Tomlinson, above cited. The charter provision in that case sets forth that the petition seeking recall of an official must contain "a statement of the grounds for removal." This charter provision is seen to be analogous to that in the instant case. In the Tomlinson case a councilman was sought to be recalled and the stated ground for his recall was that "He `has indulged in activities that are inimical to the best interests of the citizens of Miami Beach.'" The Supreme Court of Florida in that case directly passed upon the sufficiency of the charge. Said the court concerning the quoted statement of ground for recall:
"We think such a statement falls woefully short of meeting the requirement of the statute. When the legislature was at pains to specify as a basis for a recall that a sworn statement should be given containing a ground for removal, we apprehend that a real foundation for such a harsh test was meant, and we think too it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office. The ground for the action was contemplated to be something stronger than a belief or an idea; and the one set out in the affidavit before us amounts to no more than one of these. The paper in no way apprised the petitioner of the charge he would be expected to meet were the recall election held, nor would any elector participating in such an election know what issue was intended to be drawn."
Thus the court sets forth that there should be a real foundation for such a harsh test as a recall election, that the charge against an official sought to be recalled is related to the performance of the duties of his office, and that the ground of the action should be something stronger than a belief or an idea. The court also said of the ground as stated in that case that it "constitutes nothing more than the statement of a conclusion or opinion without any tangible basis in fact." Thus a charge should contain a substantial basis in fact.
Speaking illustratively, the Supreme Court said as to the sufficiency of the charge:
"Let us assume that the motive of each signer was of the loftiest character; we still have only an opinion. Let us suppose any issue where the sentiment of the community has been sharply divided, one segment feeling sincerely that a certain course would be `to the best interests of the citizens,' the other feeling as strongly that an opposite course would be. As soon as a councilman became allied with one group and exerted himself in their behalf, the opposing group could, doubtless conscientiously, swear that the official had engaged in activities `inimical to the best interests of the citizens' simply because they entertained the belief that the wrong course had been chosen."
And the court further said that the petitioner had a property right in the office to which the people had elected him, and because of that, he could not be forced into a *480 recall election to determine whether he should be ousted after a few months in his term in the absence of a substantial compliance with the law prescribing the procedure for such drastic action.
In the instant case the statement of the ground for recall, nothing extraneous, must direct the decision of this court. So we are therefore concerned with the adequacy of the substance of the charge and not its truth or falsity. The charge contains only the statement that the commissioners removed the city manager, the city attorney, and the assistant city attorney. Then follows a statement of opinion and conclusion that as a result, disrepute and injury were wrought upon the City of Lakeland and its citizens, as above described.
We have obtained from the Supreme Court the complete record in the case of Richard v. Tomlinson, supra, and while the pleadings in the lower court and the briefs of the appellant, including the questions as framed, are concentrated on the single issue of whether or not the affidavit filed with the city clerk contained facts sufficient to constitute a statement of grounds rather than mere conclusions, which was necessarily a condition precedent to the city recall election, we are convinced by the words of the opinion that the Supreme Court of this State meant to hold that legitimate or authorized actions of a city official, although such actions caused extensive opposition among a large segment of the city, were not sufficient to justify a recall. This decision, as we construe it, is in opposition to the so-called purely "political view" which is simply that the people have the right to vote for the recall of their officials whenever their actions in office are unpopular or irritate a sufficient number to initiate the recall proceeding and a majority of the electorate support the recall group in their views.
Several other questions are raised by the appellants, but since we shall reverse the lower court, we see no need of passing on these questions.
Therefore, based upon the decision of Richard v. Tomlinson, supra, we reverse the lower court for further proceedings not inconsistent with the view expressed herein.
SHANNON, J., concurs.