PER CURIAM.
The appellant, Edward G. Hines, was allowed to intervene as a defendant in an action brought by Dale E. Cunningham, an incumbent city commissioner of the City of Opa Locka, Florida. The complaint brought by Cunningham sought to enjoin a recall election, and named as defendant Hester Dozer, as city clerk. Two additional commissioners, Frank J. Wead *549 and Wilbur R. Dale were allowed to intervene as plaintiffs. Thus the parties stood in the lower court as follows : Commissioners Cunningham, Wead and Dale as plaintiffs and the city clerk joined by Hines as defendants.
The commissioners in their complaint set forth that the city charter of the City of Opa Locka authorized the procedure for the recall of a city commissioner in the following language:
“Any twenty-five qualified electors of the City may make and file with the City Clerk an Affidavit containing the name, or names, of Commissioner, or Commissioners, whose removal is sought and a statement of the grounds for removal.”
It was then alleged that an affidavit seeking the recall of commissioners Cunningham, Wead and Dale had been filed with the city clerk and that unless enjoined the clerk would certify the affidavit to the city commission and the city commission would be obligated to order the recall election. As grounds for their prayer to the circuit court for its aid in preventing the election the commissioners alleged:
“ * * * said recall Affidavit and petitions lack sufficiency in substance and are without indication or inference of misconduct, misdeed or misbehavior on the part of your Plaintiff, Dale E. Cunningham, and that no incident of malfeasance, misfeasance or nonfeasance in office is legitimately charged or stated and that the same does not constitute bad faith or improper motive. * * * ”
The chancellor entered an injunction restraining further proceedings under the recall affidavit until further order of the court. This interlocutory appeal is from that order.
We recognize, as pointed out by ap-pellees, that the granting or withholding of a temporary injunction is peculiarly within
the sound discretion of the chancellor. Curtis Pools, Inc. v. Fulton, Fla.App. 1959, 115 So.2d 442 and cases cited therein. We therefore approach this appeal with caution and with awareness that the appellants have the burden to make error clearly appear.
The record reveals that the grounds for recall set forth in the affidavit are:
“1. On or about March 9, 1961 said commissioners authorized the payment in excess of four thousand ($4,000.00) dollars to R. & J. Emmons, Inc., for work allegedly performed on Street Improvement Project No. 904-C, which payment was four thousand ($4,000.00) dollars in excess of the contract price entered into with said firm to cover said work, thereby wasting and dissipating in excess of four thousand ($4,000.00) dollars in taxpayer’s funds.
“2. On or about April 3, 1961 said commissioners refused to support a motion and second made by the remaining commissioners to cancel the contract between Interstate Engineering Co., Inc. and the City of Opa Locka which had been entered into in 1958 whereby said Interstate Engineering Co. was to oversee the city street improvement program and despite the fact it was called to the attention of said commissioners that the Interstate Engineering Company’s insurance policy which was required to be kept in force and effect under said contract with the city had lapsed in December, 1959.
“3. Said commissioners refused to take action against Interstate Engineering Co. in an effort to recover excessive costs incurred by the City of Opa Locka on the 904 — C Street Project, which was due in part to the negligence and incompetency of the work performed by it.
“4. On or about June 9, 1960 said commissioners adopted an ordinance *550 authorizing a contract with Interstate Engineering Co. to prepare a feasibility report on the City of Opa Locka buying Carol City Utility Co., despite the fact they were informed that it was not for sale and this action cost the taxpayers five hundred ($500.00) dollars paid Interstate Engineering Co. which was a negligent and wasteful expenditure and dissipation of public funds.
“5. On May 12, 1960 said commissioners attempted by emergency ordinance to ratify an agreement made by the then City Manager Brown, in violation of the City Charter in hiring C. Leyton Willis & Associates without said ex-City Manager Brown having officially informed the commission of this action and which contract, if ratified, would have cost the taxpayers six thousand five hundred ($6,500.00) dollars, but which ordinance and contract was repealed upon presentation of referendum petitions by the citizens of this city, but which action of said commissioners cost the taxpayers five hundred ($500.00) dollars paid C. Leyton Willis and Associates, all of which resulted in dissipation and waste of taxpayer’s money.
“6. On May 18, 1961 said commissioners did summarily dismiss City Manager Harold J. Hilliard, Sr., who was competent and qualified in the performance of his duties, without consulting the remaining members of the City Commission, refusing to give any reason for such discharge, and that such action of said commissioners will greatly complicate, if not preclude the possibility of employing another experienced, qualified and capable city manager in his place.”
Appellee urges that these grounds are patently insufficient under the law as announced by the District Court of Appeal, Second District, in Joyner v. Shuman, Fla. App.1959, 116 So.2d 472. The cited case held that legitimate or authorized actions of a city official, although such actions caused extensive opposition among a large segment of the city, were not sufficient to justify a recall. This principle may well apply to ground 6, above quoted, but the remaining five grounds of the affidavit refer to alleged ill-advised and possibly unlawful acts which the affiants say resulted in a depreciation of the city treasury.
Under such circumstances the court should not interpose its injunctive power to protect elected officials from their electorate. Cf. Dulaney v. City of Miami Beach, Fla.App.1957, 96 So.2d 550. The charter does not provide that the truth of the charges must be demonstrated before recall may be initiated. The grounds of this affidavit were sufficient.
The order granting the temporary injunction is reversed.