147 So.2d 196 (1962)
John N. TOLAR, Appellant,
v.
Edward H. JOHNS, Appellee.
No. 3296.
District Court of Appeal of Florida. Second District.
November 28, 1962.
*197 Robert W. Frazier, Fort Lauderdale, for appellant.
Harry C. Fischer, Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellee.
ALLEN, Acting Chief Judge.
This is an appeal from a summary final decree which permanently enjoined the City of Fort Lauderdale and appellant, intervenor below, from doing any and all further acts with respect to a recall petition which had been filed for the purpose of obtaining a recall election against appellee, a city commissioner.
The city is not a party to this appeal which is being prosecuted solely by the chairman of the recall committee who was permitted to intervene below.
Plaintiff-appellee brought suit to have the recall petition declared insufficient in fact and law to justify a recall election and to enjoin any further recall proceedings. Motions of the defendant-city and defendant-intervenor to dismiss were denied and a temporary restraining order entered.
The city charter of the City of Fort Lauderdale provides that any or all members of the city commission may be removed from office by the electorate. A petition must be prepared naming therein the commissioner sought to be recalled and containing a statement of the grounds for recall in not more than 200 words and the signatures of at least 100 electors of the city who become what is referred to as a recall committee.
The basic issue in the cause in the lower court and in this appeal concerns the sufficiency of the grounds stated in the petition to justify the implementation of the city's recall election machinery. The grounds set forth in the petition are as follows:
"1. On November 7, 1961, did vote, contrary to order, expressed or implied, of the Circuit Court, Fifteenth Judicial Circuit, Broward County, and contrary to advice of City Attorney, not to recognize the Receiver of Jack's Beach Service and not to accept $18,900 due city by said Receiver, thereby manifesting disregard for city's financial interests and depriving city of $18,900 payment rightfully due.
"2. About November 24, 1961, did, without sufficient cause, demand the resignation or discharge of City Manager Wolfer, thereby reflecting upon the administration of the city and lowering the respect this official should have among the public and among the municipal employees, all to the prejudice of city.

*198 "3. About November 20 to 24, 1961, did negotiate and conspire with Commissioners Leavitt and Born whereby to vote to discharge City Attorney Buckley without cause and to appoint John Russell city attorney without considering other qualified attorneys.
"4. Has continually opposed city's ownership of Bahia Mar and advocated its sale, although Bahia Mar is highly successful financially and provides tremendous promotional advantages for city."
In connection with ground number 1, above, the lower court, without objection, reviewed the record in a prior case to determine if appellee, by his vote mentioned in said ground number 1, was in contempt of court. This determination was apparently made in appellee's favor. Appellant's second point on appeal challenges the correctness of the consideration given the prior case record by the lower court. It is observed, however, that no objection was made to its introduction below nor was the consideration given it by the lower court made the subject of an assignment of error in this appeal.
On motion by plaintiff-appellee, the lower court entered a summary final decree in which the permanent injunction against the recall election sought in the complaint was granted. The chancellor determined as a matter of law that the grounds stated in the recall petition were insufficient to invoke the recall election machinery.
We concur in the decision of the lower court holding that the charges hereinabove set forth are insufficient to justify the recall of a city official. The city charter of the City of Fort Lauderdale is similar to the charters of the City of Lakeland and the City of Miami Beach. We discussed the charter provisions relative to grounds for recalls in our opinion in Joyner v. Shuman, Fla.App. 1959, 116 So.2d 472, in which case we cited Richard v. Tomlinson, Fla. 1951, 49 So.2d 798.
We stated in Joyner v. Shuman, supra, that the able circuit judge, whose decision was reversed in the Joyner case, had ample precedent to support his position that the grounds for the recall were sufficient in authorities outside the State of Florida. The lower court judge had stated in his decision:
"`3. The law governing this matter is as set forth in McQuillin on Municipal Corporations, 3d Edition, 1949, 4th Volume, § 12.251 at page 313, which is as follows:
"`"In theory and in fact municipal government by recall of officers presents purely political issues to the electors. The procedure is neither a judicial, quasi, or semijudicial inquiry. The reasons for recall whether true or false do not affect the proceeding. Their truth or sufficiency is for determination by the electors alone. However, the cause for recall must relate to competency or official conduct in the office. And the validity of the proceedings for recall is a judicial question."'"
In the Joyner case we quoted from many authorities which take the position similar to that taken by Charles S. Rhyne in his book on Municipal Law, 1957 Edition, at page 189, which we also quoted as follows:
"`§ 8-42 Recall. Where authorized by constitutional, statutory or charter provisions, elective officers may be recalled at an election requested by a petition signed by the required number of qualified voters. Unless the grounds for recall are specified by statute, an officer may generally be recalled for any reason. * * *'"
We then stated:
"In opposition to the view that the grounds for the recall of an official are purely political in nature, so that the *199 electorate may recall their officials at any time the actions of the officials run contrary to their views, are the decisions from other states which, in effect, hold that the charges, grounds or reasons given for the recall must be more than disagreement with matters of policy but the acts of the officers sought to be recalled should, in effect, constitute misfeasance, malfeasance or nonfeasance in office. The latter view is supported by Amberg v. Welsh, 325 Mich. 285, 38 N.W.2d 304, 306-307, decided by the Supreme Court of Michigan, in which case the Court said:
"`* * * The charges made in the petition state clearly the reason or reasons for recall, furnishing information to the electors on which they may form a judgment when called upon to vote. They show acts or a failure to act which in the absence of a sufficient justification would warrant a recall. In this respect they differ from those set forth in Newberg v. Donnelly, 235 Mich. 531, 209 N.W. 572. It is not necessary that each statement in the petition by itself state facts that would constitute sufficient charge of misconduct. It is sufficient if the statements taken as a whole present facts that constitute one or more acts or failure to act constituting misfeasance, malfeasance or nonfeasance.
* * * * * *
"`* * * Even though the statements may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and the mayor, the acts or failure to act which without justification would constitute misfeasance in office.'"
In Joyner we cited the case of Richard v. Tomlinson, supra, as authority for our decision in the Joyner case. In the Richard case a councilman was sought to be recalled, and the stated ground for his recall was that "he `has indulged in activities that are inimical to the best interests of the citizens of Miami Beach.'" The Supreme Court of Florida, in its decision in the Richard case, supra, said:
"We think such a statement falls woefully short of meeting the requirement of the statute. When the legislature was at pains to specify as a basis for a recall that a sworn statement should be given containing a ground for removal, we apprehend that a real foundation for such a harsh test was meant, and we think too it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office. The ground for the action was contemplated to be something stronger than a belief or an idea; and the one set out in the affidavit before us amounts to no more than one of these. The paper in no way apprised the petitioner of the charge he would be expected to meet were the recall election held, nor would any elector participating in such an election know what issue was intended to be drawn."
Analyzing the grounds set forth in the petition hereinabove set forth in the instant case, the first states that the commissioner voted contrary to an order, expressed or implied, of the circuit court and contrary to the advice of the city attorney, not to accept $18,900 from the Receiver of Jack's Beach Service. We cannot tell from this charge whether the commissioner thought it would be better for the city not to accept the said sum and take further action to receive a larger amount for the city or for other good reasons which he, as a city commissioner, might feel would be better for the city's interest, even though his decision might not be for the best interest of the city.
As to the second ground, the charter gave the city commission the right to remove the city manager. Therefore, it was one of the official powers a commissioner *200 could exercise, in his discretion, in so voting under the city charter.
As to the third ground, the city attorney is selected by city officials and they may, at will, discharge the city attorney, and after discharging the city attorney it is again within their complete discretion as to whom they should select to be a successor; nor can recall error be committed by failing to consider other qualified attorneys for this job.
Ground four states that appellee has continually opposed the city's ownership of Bahia Mar and advocated its sale although Bahia Mar is highly successful financially and provides tremendous promotional advantages for the city. Here again, the recall petition does nothing but take issue with the judgment of the commissioner in opposing the city's ownership of Bahia Mar and advocating its sale. Appellee may have been in error in doing so, but such error, if error it was, could only be in the exercise of judgment and thus is not a ground for recall.
We have reviewed the case of Hines v. Dozer, Fla.App. 1961, 134 So.2d 548, cited by the appellant as sustaining the grounds for recall in this case. The charges in that case were stated by the Third District Court of Appeal to refer to ill-advised and possible unlawful acts which the affidavits say resulted in a depreciation of the city treasury. We do not think the Court's decision supports the appellant in this case.
The appellant contends that certain action of the chancellor in undertaking to make a finding on the truth and accuracy of one of the grounds stated for recall was improper. Such action involved examining another court proceeding in which the subject matter of said ground was involved. We cannot see where the appellant was harmed by the chancellor examining the record of another case, but he is correct in his statement that the court should not pass on the truth or falsity of the charges, as this is a matter for the electorate to determine in an election. We find no reversible error, however, in this instance by the chancellor's careful investigation of a previous record.
Affirmed.
KANNER and SMITH, JJ., concur.