PER CURIAM.
By this appeal, the appellants seek review of a peremptory writ of mandamus directing them, as City Commissioners of the City of Florida City, Florida, to call a recall election pursuant to the provisions of the City Charter.
It appears from the record that upon the return date, as set in the alternative writ, the respondents filed a return and a motion to quash and/or dismiss the alternative writ. Following a hearing thereon, the trial court denied the motion to quash and/or dismiss, struck the return, and issued the peremptory writ. The appellants have taken this appeal and urge error in both the striking of the return and denying the motion to quash and/or dismiss.
The grounds of the motion to quash were that the initiatory affidavit commencing the recall proceedings and the petition for recall were invalid, in that they were not executed in accordance with the requirements of the City Charter. The trial judge found that they were in a proper form and sufficient to commence the institution of a recall proceeding. No error is made to appear in this ruling. See: DuBose v. Kelly, 132 Fla. 548, 181 So. 11. The return was insufficient in law, in that same attempted to raise questions going to the validity of the grounds charged. See: State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148; State ex rel. Gibbs v. Bloodworth, 134 Fla. 369, 184 So. 1; Kelly v. State, 135 Fla. 346, 185 So. 157; Williams *614 v. Keyes, 135 Fla. 769, 186 So. 250. The return attempting to raise matters which were immaterial to the issues before the trial judge, no error has been demonstrated in the granting of the motion to strike. See: Rule 1.11(f), Florida Rules of Civil Procedure, 30 F.S.A.
The appellant relies heavily on the case of Joyner v. Shuman, Fla.App.1959, 116 So.2d 472, contending that this opinion cites with approval the case of Richard v. Tomlinson, Fla.1951, 49 So.2d 798, of the Supreme Court of Florida, to the effect that the sufficiency of the grounds for a recall proceeding may be tested in a mandamus proceeding. From a review of the opinions in Joyner v. Shuman, supra, and Richard v. Tomlinson, supra, it appears that the Supreme Court’s opinion in Richard v. Tomlinson, supra, turned primarily on the proposition that the purported affidavit which was required to initiate recall proceedings was, in fact, not an affidavit and, therefore, “could not form a foundation for the proceeding”, to wit: the recall.
Therefore, the issuance of the peremptory writ of mandamus is hereby affirmed, with directions to the trial court, upon the issuance of the mandate in this cause, to reschedule a period in which the appellants, as respondents therein, shall set the recall election.
Affirmed with directions.