DREW, Justice.
This appeal is from a final judgment of the circuit court denying injunctive relief against a proceeding for recall of the appellant Sproat, a city commissioner of the City of Deerfield Beach. The appeal has been transferred from the district court because the judgment sustained the validity of a statute, Sec. 42 of Chapter 67-2317, Laws of Florida, Special Acts of 1967, against assault on constitutional grounds.[1]
The statute in question, the Charter of the City of Deerfield Beach, provides in part:
“ * * * The statement of grounds for recall shall be sufficient in law if the grounds are merely that ‘A majority of the electors of the City of Deer-field Beach have lost confidence in the Commissioner or Commissioners’ sought to be recalled. * * * ”
Appellant contends that recall on this ground, stated in the petitions, would deprive him of his property right to his office without due process of law.[2] The question presented is one of first impression.
*693 Earlier cases on which appellant relies involve the sufficiency of recall petitions under acts providing only that petitions shall contain a sworn “statement of the grounds for removal.”[3] This Court held simply that the legislative intent was to require a statement of facts, and that a charge of activities that are inimical to the best interests of the citizens was not sufficiently specific to constitute substantial compliance with the quoted provision, construed to require that the misdeed charged should be a real foundation for such action having some relationship to performance of the duties of office.
In the present case, however, the petition states precisely the charge upon which initiation of recall proceedings is authorized by the charter. In the face of unambiguous legislative definition of grounds for recall, the act presents, of course, no question of construction. We find that the applicable principles of law and precedent clearly sustain the legislative prerogative in this regard.[4] Our conclusion on this point makes unnecessary any conideration or disposition of the issue of estoppel based on appellant’s participation in the enactment of the law, urged by appellees in support of the judgment here and applied in some analogous situations.[5]
Other objections by appellant relate to alleged discrepancy between the literal language of the act[6] and the affidavit in this case by the circulator of the petitions that he “saw all the signatures appended thereto, and knows that they are the signatures of the persons whose names they purport to be.” The statement on its face reflects full compliance with the charter requirements.
The judgment is affirmed.
CALDWELL, C. J., and THORNAL, ERVIN and ADAMS, JJ., concur.

. Art. 5, Sec. 4, Fla.Const., F.S.A. Rule 2.1(a) (5) (d), F.A.R., 32 F.S.A.

. 14th Amend., U.S.Const.; Sec. 12, Decl. Rights, Fla.Const. State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148.

. Richard v. Tomlinson, Fla.1951, 49 So.2d 798; Joyner v. Shuman, Fla.App.1959, 116 So.2d 472.

. Vol. 4, McQuillin on Municipal Corporations, 3rd ed., Sec. 12.251. DuBose v. Kelly, 132 Fla. 548, 181 So. 11; State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So.2d 675; State ex rel. Gibbs v. Couch, 139 Fla. 353, 190 So. 723. See also authorities collected in the opinion in Joyner v. Shuman, note 3 supra.

. Long v. Lancaster, Fla.1952, 55 So.2d 791; State ex rel. Bankers Life & Cas. Co. v. Village of No. Palm Beach, Fla.App.1962, 138 So.2d 378.

. Sec. 42.01 of the Charter, Ch. 67-2317, Laws of Florida, states:
“ * * * The circulator of the petition must affix thereto an affidavit that he saw each signature affixed to said petition, and that each signature is the genuine signature of the persons named. $ * * H