PER CURIAM.
Appellants seek review of a decree for injunction which enjoined the city clerk from instituting further proceedings based on recall affidavits against Opa-Locka City Commissioners Anderson and Heacock, parties below for alleged discrimination against Blacks. The decree was entered after hearing testimony.
The complaint sought a declaratory decree as to the sufficiency, under the city charter, of the grounds stated in the affidavits for two recall petitions and injunc-tive relief against holding any special recall election. Plaintiffs were the city and the city clerk; defendants were the two city commissioners and the signers of the recall affidavits.
The language of the affidavits is at issue in this case, but it would serve no useful purpose to reproduce it here.
The charter and ordinance provisions, certified copies of which are included in the record, require that the affidavit contain “a statement of grounds for removal,” and “This affidavit must state that the charges are true and are made subject to the laws of perjury as defined in Florida Statutes, Chapter 837.” Opa-Locka Code, § 144 (Charter, Art. XI).
As to both commissioners, the grounds for recall must have some real foundation or relation to the performance of the duties of a commissioner. Joyner v. Shuman, Fla.App.1959, 116 So.2d 472; Richard v. Tomlinson, Fla.1951, 49 So.2d 798; and see Sproat v. Arnau, Fla.1968, 213 So.2d 692. The allegations herein do not meet that standard. Furthermore, we note that certain of the allegations' of misconduct are ambiguous. Therefore, the judgment appealed is affirmed.
Affirmed.