279 So.2d 9 (1973)
Michael Z. TAINES, Petitioner,
v.
Edgar H. GALVIN et al., Respondents.
No. 43436.
Supreme Court of Florida.
April 6, 1973.
Rehearing Denied June 6, 1973.
*10 Joseph Z. Fleming of Paul & Thomson, Miami, for petitioner.
Hugh S. Glickstein and Judson A. Samuels, Hollywood, for respondents.
This cause having heretofore been submitted to the Court on Petition for Writ of Certiorari, jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Florida Appellate Rule 4.5, subd. c(6), 32 F.S.A., and it appearing to the Court that it is without jurisdiction, it is ordered that the Petition for Writ of Certiorari be and the same is hereby denied.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
This cause was before us originally on petition for writ of certiorari. We examined the cases cited for conflict by petitioner and denied certiorari on April 6, 1973, by way of a unanimous decision that there was no direct conflict to vest jurisdiction in this Court.
On petition for rehearing, we have again considered the alleged conflicts, and we reaffirm our previous denial of certiorari. Through the line of cases cited for conflict there has developed in this State, albeit in piecemeal fashion, a consistent and logical set of rules to govern the removal of city commissioners through recall elections. The decision of the District Court of Appeal, Fourth District, in the case sub judice, 272 So.2d 824, is in harmony with this line of decisions.
Although denying the petition for rehearing, and despite the fact that we have no jurisdiction to consider the case before us on the merits, we feel constrained to render a short opinion because of the subject matter involved and because of the lack of a complete and concise statement of the applicable law.
Recall elections of city commissioners are controlled primarily by provisions of the city charter. Basically, what we are concerned with here is the type of charter which provides for a recall election upon the filing of an affidavit which, among other things, contains a "statement of grounds" for which removal is sought. Such a statement of grounds must be more than just a vague and general allegation of misfeasance, malfeasance, or nonfeasance. The grounds must be more than "beliefs" or "ideas"; they must be charges of specific misdeeds which have some relationship to the councilman's performance of the duties of his office. Richard v. Tomlinson, 49 So.2d 798 (Fla. 1951); Collins v. City of Opa-Locka, 251 So.2d 709 (3d D.C.A.Fla. 1971); Piver v. Stallman, 198 So.2d 859 *11 (3d D.C.A.Fla. 1967); Tolar v. Johns, 147 So.2d 196 (2d D.C.A.Fla. 1962); Hines v. Dozer, 134 So.2d 548 (3d D.C.A.Fla. 1961); Joyner v. Shuman, 116 So.2d 472 (2d D.C.A.Fla. 1959); Gordon v. Leatherman, 450 F.2d 562 (5th Cir.1971).
In addition, errors in judgment cannot be sufficient grounds for recall (Tolar v. Johns, supra); nor can legitimate and authorized actions, no matter how unpopular they are (Joyner v. Shuman, supra).
In the case sub judice, the affidavits for recall which were filed contained as grounds therefor a charge of general "misfeasance, malfeasance, and nonfeasance," and three specific charges which amounted to no more than unpopular actions in regard to controversial issues. There were no allegations of actions which were beyond the councilmen's authority or were in any way illegal. Clearly, these charges were insufficient under the rules above-cited.
City charters may, of course, contain less onerous requirements for recall affidavits, including no requirement at all for a statement of grounds. In Sproat v. Arnau, 213 So.2d 692 (Fla. 1968), we considered a charter which provided that grounds would be sufficient if they were only that a majority of the electors had lost confidence in the commissioners sought to be recalled. We upheld an affidavit which alleged only such a loss of confidence.
The charter involved in the case now before us, however, did require a statement of grounds. The grounds stated were insufficient under the law. The District Court affirmance of a trial court injunction prohibiting the holding of a recall election was, therefore, proper and not in conflict with any of the cases cited.
Rehearing denied.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.