## BI-PARTISAN COALITION FOR A STABLE GOVERNMENT v. GRAHAM WATT, et al
### No. 81-23919
Circuit Court, Broward County
January 11, 1982

David Alexander of Holland & Knight, for plaintiff Bi-Partisan Coalition for a Stable Government and Lenora J. Giacobee.

David Cardwell of Hahn, Breathitt, Roberts & Watson, for plaintiff Marcia Beach.

Harry Stewart, for defendant Graham Watt and Broward County.

Samuel Goren of Josias & Goren, for defendant Jane Carroll as Supervisor of Elections.

Robert A. Smoley of Smoley & Grate, for plaintiff Jack Fried.

Jack Ludin of Michelson & Zippin, for plaintiffs Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage and Gordon F. Thompson.

George Platt, for Committee for Responsible Government.

Jack A. Jensen, for defendant Recall Political Action Committee and William G. Glynn, as Chairman.

STEPHEN R. BOOHER, Circuit Judge.

---

This action was heard December 30, 1981 on Count I of the plaintiffs' two count complaint for injunctive and declaratory relief. Both counts seek to permanently enjoin the County Administrator, in his capacity as Clerk of the Broward County Commission, and the Supervisor of Elections of Broward County, Florida, from taking any further official action with respect to a recall petition filed for the purpose of obtaining a recall election against Marcia Beach, a Broward County Comissioner. Count I alleges that the recall petition's charges against Marcia Beach are legally insufficient to constitute a "statement of grounds for removal" as required by Section 100.361(1)(a), Florida Statutes (1981). Count II alleges that the recall effort is void because of procedural irregularities in connection with the filing and processing of the recall petition.

By pretrial motions and orders, Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage, Gerald F. Thompson and Jack Fried, the remaining six County Commissioners, were allowed to intervene individually as parties plaintiff because recall petitions reciting the same statement of grounds for removal had been filed against each of them, each faced the possibility of further recall proceedings, and their interests were identical to the interests of Marcia Beach. Since the legal issues were also the same, the intervention was allowed without the necessity for further pleadings by any party. The decision of the Court as to Count I, therefore, is equally applicable to the six plaintiff intervenors, and it is binding on all parties.

By further pretrial motions and orders, Graham Watt, as Administrator of Broward County, Florida, and Clerk to the Broward County Commission, was realigned as a party plaintiff, and Jane Carroll, as Supervisor of Elections of Broward County, Florida, was permitted to remain a party defendant. The functions of both were recognized as ministerial, and each, therefore, was relieved of any responsibility to advocate, oppose, or take any legal position as to Count I.

The trial on the merits of Count I was advanced pursuant to Fla.R.Civ.P. 1.610 and by stipulation of all parties. Because of the court's ruling on

Count I, as expressed in this order, the issues raised by Count II are moot.

All factual issues as to Count I have been resolved by stipulation of counsel and through the presentation of testimony. The only contested issue is whether the charges against Marcia Beach are sufficient to justify implementation of the recall election machinery. This is a question of law.

The recall petition reads, in pertinent part:

> We demand this action because said Commissioner is guilty of malfeasance, misfeasance, neglect of duty and incompetence as reflected by the inordinate increase in the cost of government as proposed for fiscal year 1982, the absolute disregard for the mandate of the electors of Broward County and by reason of the unjustified increase of ad valorem property taxes to finance the bureaucratic largess.

A general allegation that Marcia Beach is guilty of malfeasance, misfeasance, neglect of duty, or incompetence, four of the seven statutory grounds for removal, Section 100.316(a)(b), Florida Statutes (1981), without alleging conduct which supports the charges, is insufficient as a matter of law to support a recall proceeding. *Bent v. Ballantyne,* 368 So.2d 351 (Fla. 1979). Accordingly, the petition is insufficient unless charge of an "inordinate increase in the cost of government as proposed for fiscal year 1982", an "absolute disregard of the mandate of the electors", or an "unjustified increase of ad valorem property taxes to finance the bureaucratic largess' is a *prima facie* charge of any of the statutory grounds for removal. *Id.* The court finds that all three charges are not.

The charges in the recall petition do not sufficiently allege malfeasance, misfeasance, or neglect of duty because they do not state that any act performed by Marcia Beach in her official capacity as a commissioner of Broward County was illegal or unlawful, that while acting in her official capacity she performed a lawful act in an improper or illegal manner, or that she neglected or failed to do or perform some lawful duty. *State v. Coleman,* 155 So. 129 (Fla. 1934); *Wolfson v. Work,* 326 So.2d 90 (Fla. 2d DCA 1976) (discussion of definition of malfeasance). The committee which filed the recall petition against Marcia Beach and an intervenor in this action, suggests that the charges in the recall petition sufficiently allege incompetence because the allegations, if taken as true, indicate either a lack of judgment or gross ignorance or carelessness on the part of Marcia Beach. As authority, it cites *State v. Coleman,* 155 So. 129 (Fla. 1934). This argument, however is incomplete because it overlooks the fact that incompetency refers to a physical,

moral, or intellectual quality, the lack of which incapacitates one to perform the duties of his office. 155 So. at 133. Clearly, the recall petition does not charge that Marcia Beach is incapable of performing the duties of her office. Furthermore, incompetency

> as a ground for suspension or removal of an officer must be one which has *arisen since* and did not exist at the *time of the election* of the officer sought to be *removed or suspended,* and the defect under *which the officer is laboring* must be one that *has made him unfit or unable* to continue to hold the office *since* the time he assumed the discharge of his duties.

*In re Advisory Opinion to the Governor,* 213 So.2d 716, 720 (Fla. 1968), quoting Volume 20A *Words and Phrases,* Permanent Edition, Incompetent, at 314. Nothing in the recall petition suggests that Marcia Beach has any incapacitating quality which did not exist when she was elected to office.

The evolution of the law since the 1934 decision of *State v. Coleman,* 155 So. 129 (Fla. 1934) and, in particular, the rejection of the "political view" as a basis for removing an elected official from office, *Richard v. Tomlinson,* 49 So.2d 798 (Fla. 1951); *Joyner v. Shuman,* 116 So.2d 472 (Fla.2d DCA 1959), leads this court to believe that "incompetence" when used as a ground for removing a public official from office, must be viewed in light of the Florida Guardianship Law, Chapter 744, Florida Statutes (1981). A recall is an extraordinary proceeding. *DuBose v. Kelly,* 181 So. 11, 17 (Fla. 1938). And, the requirement that a recall petition must contain a statement of grounds for removal establishes a "harsh test" to remove someone from office. *Richard v. Tomlinson,* 49 So.2d 798 (Fla. 1951).

A public office is a recognized property right subject to divestment by recall only if the recall petition specifies the basis for removal. Neither opinions nor beliefs provide this basis. *Richard v. Tomlinson,* 49 So.2d 798 (Fla. 1951). The charges in the recall petition, however, are no more than these types of expressions. They contain no factual allegations upon which someone can tell whether the persons signing the petition were of one mind or whether each signed for a different reason. *Id.* at 799. They do not charge specific misdeeds, *Taines v. Galvin,* 279 So.2d 9, 10 (Fla. 1973), or apprise Marcia Beach' of the charges she would be expected to meet were the recall election held. *Richard v. Tomlinson,* 49 So.2d 798 (Fla. 1951). An excerpt from this 1951 case illustrates why an opinion or belief cannot support a recall:

> Let us assume that the motive of each signer was of the loftiest character; we still have only an opinion. Let us suppose

> any issue where the sentiment of the community has been sharply divided, one segment feeling sincerely that a certain course would be "to the best interests of the citizens," the other feeling as strongly that an opposite course would be. As soon as a councilman became allied with one group and exerted himself in their behalf, the opposing group could, doubtless conscientiously, swear that the official had engaged in activities "inimical to the best interests of the citizens" simply because they entertained the belief that the wrong course had been chosen.

49 So.2d at 799. The rationale expressed in this quotation applies as well to the charges against Marcia Beach.

In addition to failing to apprise Marcia Beach of any specific misdeed for which she should be removed from office, the charges in the petition do not apprise the public how Marcia Beach voted. Instead, they refer to actions of the commission as a whole. Under these charges, Marcia Beach could have voted against an increase in taxes and against the approval of the Broward County budget but still be charged with the act. Indeed, there is no evidence and the record is silent as to how Marcia Beach or any other individual Commissioner voted, although the Court did make an inquiry during oral argument. A statement of grounds for removal must allege individual acts of the official sought to be removed from office. *Piver v. Stallman,* 198 So.2d 859, 861 (Fla.3d DCA 1967).

Assuming, for purposes of analysis, that Marcia Beach voted to approve the budget and increase ad valorem taxes thereby "disregarding the mandate of the electors," it is clear that her removal is sought because she took what might properly be categorized as unpopular action in regard to a controversial issue. The Florida Supreme Court has held that this does not provide a basis for removal of an elected official. *Taines v. Galvin,* 279 So.2d 9, 11 (Fla. 1973); *Joyner v. Shuman,* 116 So.2d 472, 480 (Fla.2d DCA 1959). *Compare: Hines v. Dozer,* 134 So.2d 548 (Fla.3d DCA 1961). The charges against her challenge her right to exercise discretion in casting a vote on an action pending before the Broward County Commission. However, the fact that Marcia Beach may have taken a stand on a particular issue and voted her conviction, a vote which resulted in commission action, does not make her subject to recall. *Taines v. Galvin,* 279 So.2d 9, 11 (Fla. 1973); *Tolar v. Johns,* 147 So.2d 196, 200 (Fla.2d DCA 1962); *Joyner v. Shuman,* 116 So.2d 472, 480 (Fla.2d DCA 1959). Error in judgment cannot be sufficient grounds for recall, nor can legitimate and authorized actions, no matter how unpopular they are. *Taines v. Galvin,* 279 So.2d

9, 11 (Fla. 1973). The petition does not charge that Marcia Beach acted outside her authority.

It must be noted that County Commissioners have a statutory duty to adopt a balanced budget for each fiscal year. *See* Sections 129.01(2)(b) and 129.03, Florida Statutes (1981). If the aggregate ad valorem tax millage levied thereby against real and personal property does not exceed 10 mills on the dollar of assessed value—and it is undisputed that it did not—then it is a lawful budget under Section 200.071(1), Florida Statutes (1981), and a Commissioner's vote for its adoption is a legitimate and authorized action, no matter how unpopular or unjustified it is believed by some to be.

Based on the foregoing, the Court finds that the recall petition against Marcia Beach is legally insufficient as a matter of law. For the same reasons, the recall petitions against Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage, Gerald F. Thompson, and Jack Fried are also deficient. The plaintiffs, therefore, are entitled to the injunctive relief prayed for in the complaint.

WHEREFORE, IT IS ADJUDGED:

1. The recall petition filed for the purpose of obtaining a recall election against Marcia Beach is legally insufficient. Likewise, the recall petitions against Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage, Gerald F. Thompson, and Jack Fried are legally insufficient.

2. Graham Watt, as Administrator of Broward County, Florida, and Clerk to the Broward County Commission, and Jane Carroll, as Supervisor of Elections of Broward County, Florida, and each of their agents and employees, are permanently enjoined from preparing the counterpart seeking the recall of Marcia Beach, Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage, Gerald F. Thompson, or Jack Fried as a Broward County Commissioner or taking any other action in connection with the recall effort on the basis of recall petitions bearing the statement of grounds for removal herein challenged and found wanting.

3. Upon filing of a motion therefor, plaintiffs shall recover their costs.

4. The court retains jurisdiction of this matter for the purpose of entering any further orders necessary to enforce or otherwise insure that the provisions of this injunction are fully and completely carried out and followed.