RALPH B. FERGUSON v. FRANK J. KELLY, as City Clerk of the City of Miami, HARRY J. TRYON, *Intervenor.*

185 So. 148.
Opinion Filed December 14, 1938 .

*J. W. Watson, Jr.,* for Appellee, Kelly;

*George E. McCaskill* and *Abe Aronovitz,* for Intervenor.

PER CURIAM.—From an order, denying an application of plaintiff below for a temporary injunction entered by a Judge of the Circuit Court of Dade County, Florida, on June 6, 1938, an appeal has been perfected and the said order assigned as error and a reversal thereof sought in this Court. The suit at bar is brought under Section 12 of Chapter 10847, Special Acts of 1925, providing in part, viz.: "A copy of the recall petition shall be entered in the record book to be kept in the office of the Clerk."

The bill of complaint alleged the issuance of the recall petition by the defendant Clerk on March 21, 1938, and while a record book was kept by the Clerk in his office for the purpose of entering copies of the recall petitions therein,

no copy of the issued petitions affecting plaintiff and other Commissioners sought to be recalled had ever been entered or copies thereof recorded in the book, or any other book appearing in the defendant's office.

' It was alleged that the recall petition was circulated and signed by a number of voters of the City of Miami and supplementary petitions likewise were circulated and signed by ·a number of the voters of said City and that the defendant Clerk was preparing to certify to the City Commission that a sufficient number of the registered voters of the City have signed the recall petition, and supplementary petitions, to require the calling of the recall election and that the entire recall was void *ab initio* because of the Clerk's failure to record a copy of the recall petitions as issued in the record book then and there kept in the office of the Clerk of the City of Miami.

An order was entered in the lower court permitting Harry ·J. Tryon, a citizen and registered voter of the City of Miami, to intervene and to file an answer, which was done, and he denied the plaintiff's allegation that a copy of the recall petition had ever been entered, copied or recorded, in the record book or any other book kept in the City Clerk's office. Testimony was taken and proofs submitted in support of the issues, and the question for decision, as stated by counsel, is viz.: "Where, for the purpose of affording due process of law to an affected City Commissioner by giving him constructive notice of the initiation and pendency of proceedings for his recall, the Charter of the City of Miami (Chapter 10847, Special Acts of 1925, as amended by Chapter 14234, Special Acts of 1929) requires the City Clerk, upon the issuance of a recall petition, to enter a copy of the petition as issued, in a record book in his office, and an affected Commissioner, in a suit in equity to enjoin the Clerk's.

certification of an issued and circulated petition as sufficient, indisputably shows that a copy of the petition was not recorded as required by the Charter, and does not in such suit challenge any of the subsequent recall proceedings or otherwise waive his right to complain of the Clerk's failure to record a copy of the petition as issued, is not the affected Commissioner entitled to the injunctive relief sought?"

This Court, within the past few months, has had before it a number of questions involving the procedure controlling a recall election under the Charter of the City of Miami. See Du Bose v. Kelly, 132 Fla. 548, 181 So. 11; Williams v. Kelly, 133 Fla. 244, 182 So. 881; State, ex rel. Gibbs, v. Bloodworth, 134 Fla. 369, 184 So. 1.

This Court, in Williams v. Kelly, 133 Fla. 224, 182 So. text page 883-4, when considering the exact point here involved, in part said:

"The statute requires a copy of the recall petition to 'be *entered in a record book* to be kept in the office of the Clerk.' To be entered in a book means to be recorded in the book. It appears that this has not been done and, upon a remand of the cause, the court below should not proceed further until the statute is obeyed. The statutory provision is designed to provide a permanent record of the institution of the recall proceedings, all the other proceedings being merely filed in the office of the City Clerk. Another purpose of the statute is to afford a sufficient and reasonable constructive notice by a record book of the Clerk's office to the officials sought to be recalled. The plaintiff has waived his right to complain of the failure to make a record entry of the recall petition as issued for the purpose of giving him constructive notice of the institution of the recall proceedings, as he is challenging the subsequent recall proceedings. But he has a right to require the record entry to be made as

a permanent official record of the institution of the recall proceedings against him."

The fact that the recall petitions had not been recorded as a permanent record in the Clerk's office at the time of applying for a restraining order is not a sufficient showing here to hold the recall proceedings void *ab initio.* While the many duties resting upon the Clerk of the City of Miami may delay the immediate recordation as contemplated yet it is a substantial compliance with the statute if recorded within a reasonable length of time after the issuance thereof. · We do not think this conclusion offends the due process of law rule enunicated by this Court in State, *ex rel.* Hattom, v. Ioughin, 103 Fla. 877, 138 Sou. 392; State, *ex rel.* Landis, v. Tedder, 106 Fla. 140, 143 So. 148, or Du Bose v. Kelly and Williams v. Kelly, *supra.*

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially)—In the case of Williams v. Kelly, City Clerk, *et al.,* 133 Fla. 244, 182 Sou. 881, in a special concurring expression, I said: "I concur in what is said in the foregoing opinion but I construe the requirement that a copy of the recall petition 'be entered in a record ·book to be kept in the office of the Clerk' to be an essential antecedent prerequisite to the circulation of the recall petitions and that the official sought to be recalled does not waive the necessity of that prerequisite by challenging either the antecedent or subsequent recall proceedings."

The majority of the Court did not agree with me in this conclusion but held to the contrary and the contrary holding was thereby established by that decision as the law in this regard. Therefore, I now yield my views as heretofore expressed and concur in the majority opinion.