THOMAS, Justice.
This litigation originated with a complaint by the present appellants, members of the City Council of Miramar, seeking to restrain the appellees, the city and city clerk, and persons acting with them, from taking any further steps toward the recall of the plaintiffs, which was being undertaken pursuant to Section 28, Chapter 31007, Laws of Florida, Special Acts of 1955, the city charter of Miramar.
It seems unnecessary to detail the various misdeeds charged to appellees in the original affidavit setting in motion the recall procedure inasmuch as the assault by them is directed at the constitutionality of the whole section which they say for reasons they consider sound, violates Section 12, Declaration of Rights, Constitution of Florida, F.S.A., and the Fifth and Fourteenth Amendments of the Constitution of the United States. Elaborating, they contend that the provisions of the section would deprive them of their property rights as councilmen without due process of law since there is no provision for notice of the filing of an affidavit for recall; that they are denied equal protection of the law because the affidavit charges both with misdeeds instead of attributing misconduct to them individually. And, generalizing, they contend that the section is invalid for uncertainty as it leaves the interpretation to the whim and caprice of the city clerk.
When the controversy was determined by the chancellor he held in no unclear language that the section was impervious to the attacks upon it. This ruling brought the case direct to this court under Section 4(2), Article V of the Constitution.
The section contains provisions for recall and removal of “any” elective officer by the procedure outlined in the section. It is instituted by “an” affidavit signed by 25 qualified electors setting out the names of those sought to be removed and the grounds for removal. Such was done in this case. Based upon the original affidavit the clerk is mandated to prepare printed forms of the petition for removal and these must be signed before the clerk or his deputy at the city hall by not fewer than 10% of the voters who cast ballots at the last preceding general election. This signing by the voters must be completed within 30 days after the filing of the affidavit.
Upon the clerk’s being satisfied that these requirements have been met and after he has been notified in writing by at least 10 of the signers of the original affidavit that they consider the petition sufficient, the clerk must submit it to the council with his own certificate that the petition is signed by the requisite number of qualified signatories.
Thus is the City Council activated to call and hold the election.
The first point stressed by appellants is that the statute is unconstitutional because it contains no provision for notice to the challenged councilmen. In support of the position they cite to us the decisions in State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148, and Williams v. Kelly, 133 Fla. 244, 182 So. 881. We will discuss them in that order. From the Tedder opinion, appellants lift language with reference to requirement in the Hollywood charter of notice to City Commissioners attempted to be recalled, simply observing: “which provision suggests the idea that the purpose of the required notice was to enable such commissioner, or commissioners, to seasonably invoke any and all judicial remedies which might be available to him for the protection of his rights as an officeholder under the law, before any recall election should be ordered against him.”
This excerpt is of small use to appellants. In the first place it was obiter dictum since the charter with which the court was then dealing contained a provision for notice, hence the need for it was *246 not in issue, and in the second place there was a mere statement that the requirement suggested an idea that such notice would enable the commissioner challenged to resort to judicial remedies to protect his rights. This did not constitute a ruling on the subject of the present litigation. In the immediate case the councilmen have pursued their remedy by instituting this litigation. Moreover, the final step in getting such petitions presented to the electorate is, as we have already noted, accomplished by a notice in writing signed by one-tenth of the signatories on the original affidavit, then the City Council, of which the appellants themselves are members, call the election. It is difficult to see how the recall movement from its inception until its conclusion could, in these circumstances, escape the knowledge of appellants. In the Williams case it was said that the requirement of recordation of a copy of the recall petition under the Miami charter was to afford constructive notice to the officials sought to be recalled. But it was also said that the plaintiff, a city commissioner, by challenging the subsequent proceedings waived his right to complain about the failure to record the petition, intended to give him constructive notice of the recall effort. The principle was reiterated in Ferguson v. Kelly, 13S Fla. 356, 185 So. 148.
Lastly, the appellants complain because Section 28 of the charter permits the names of more than one councilman to be included in an affidavit for recall. In: their brief they rely heavily on the dissenting opinion in Du Bose v. Kelly, 132 Fla. 548, 181 So. 11. A dissenting opinion by a single member of the court, even though an eminent one, is a very weak reed and will not support the appellants’ position.
Under Section 8, Article VIII of the Constitution the legislature has plenary power over all municipalities of the State. The power is bridled to the extent that the law-making body cannot enact statutes-, that collide with other provisions of organic law. Cobo v. O’Bryant, Fla., 116. So.2d 233.
We have found no such collision im this case.
 Furthermore, an act of the legislature is presumed valid and will not be struck down unless the invalidity is shown beyond a reasonable doubt. Davis v. State, 146 So.2d 892 (Fla.1962), State ex rel. Flink v. Canova, 94 So.2d 181 (Fla.1952).. No infirmity meeting that test has been demonstrated to us so the decree of the-circuit court is—
Affirmed.
THORNAL, C. J., and ROBERTS;. O’CONNELL, CALDWELL and HOB-SON (Ret), JJ., concur.