198 So.2d 859 (1967)
Dan PIVER, As Councilman of the Town of Surfside and Herman Grayson, As Councilman of the Town of Surfside, Appellants,
v.
Louis H. STALLMAN and Louis B. Hoberman, Appellees.
No. 67-348.
District Court of Appeal of Florida. Third District.
May 19, 1967.
Rehearing Denied May 25, 1967.
*860 Herman Grayson, Miami Beach, for appellants.
Shevin, Goodman & Holtzman, Miami, and Louis H. Stallman, Miami Beach, for appellees.
Before PEARSON, CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
The appellants are Councilmen of the Town of Surfside. They appeal a final judgment and peremptory writ of mandamus which directed them as Councilmen to set a recall election. We reverse upon a holding that the circuit court committed error when it found that the charges presented by the recall petition were legally sufficient.
At a council meeting for the Town of Surfside a resolution was presented to set a recall election for two councilmen, to wit: Dan Piver and Lee Howard. Dan Piver and Lee Howard voted "No". Mayor L. Stallman and Councilman L. Hoberman voted "Yes". Councilman H. Grayson abstained. Since the recall election could not be set without affirmative action of the Town Council, the Mayor, Stallman, filed an original and an amended petition for mandamus, seeking the issuance of an alternative writ of mandamus calling for the recall election. The alternative writ issued; the appellants filed their response thereto and a motion to quash. The motion to quash was denied, and several allegations of the response were stricken by the court as irrelevant and immaterial.
At the outset of the final hearing, Councilman Howard was dropped as a party because he had resigned from the Council.
The principle issue at the final hearing was the legal sufficiency of the charges contained in the affidavit for recall. The court held certain charges to be insufficient but found the following charges legally sufficient.
"1. Failure to stop the illegal sale of alcoholic beverages on Town property in the Community Center after having been notified by interested citizens that such illegal sales were being made. Said sales were made between the period of March 31, 1964 through January 22, 1966.
"4. Selling of $225,000. face value revenue bonds for $210,000. without securing competitive bids for same at loss to the taxpayers of $15,000. for the attendant parking lot on Abbott Avenue.
"5. Authorizing the expenditure of over $4,000. in Town funds in behalf of an Investigative Committee, contrary to the provisions of the Town Charter."
At the conclusion of the final hearing, the court issued a peremptory writ of mandamus in which it ordered appellants to set the date for the recall election of Piver.
On this appeal, appellants present four points. Inasmuch as we find error presented under point #2, which urges the legal insufficiency of the charges, we do not consider points numbered 1, 3 and 4.
Section 110 of the Charter of the Town of Surfside deals with the procedure for recall of a councilman. It does not specify the nature of the charges upon which recall may be sought but it does state that the recall affidavit shall contain "a statement of the grounds for removal."
The standard by which the legal sufficiency of charges contained in recall petitions are to be determined is set forth in Richard v. Tomlinson, Fla. 1951, 49 So.2d 798. The Supreme Court in that case stated the following principles while discussing *861 the sufficiency of the charge contained within an affidavit for recall:
"* * * it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office.
* * * * *
"* * * the affidavit is patently devoid of the substance which the legislature intended should show real reason for instigating the election.
* * * * *
"Because the affidavit failed utterly to form a foundation for the proceeding the petition for certiorari is granted * * * with directions to enjoin permanently furtherance of the recall." [Emphasis added]
This holding of the Supreme Court has been the basis for the decision in two subsequent cases in the Second District Court of Appeal. See Joyner v. Shuman, Fla.App. 1959, 116 So.2d 472, and Tolar v. Johns, Fla.App. 1962, 147 So.2d 196. The holding in Joyner v. Shuman was that there must be a foundation for a recall election related to the official's conduct in office, and the ground of the action must be something stronger than a belief or an idea. In Tolar v. Johns above, the same court pointed out that while the chancellor may not pass upon the truth of the charges, because this is the province of the electors, still the charges must allege sufficient facts to identify to the electors the acts or failure to act without justification which are urged as misconduct in office. The court specifically pointed out that the valid exercise of legislative judgment is not a ground for a recall petition.
This Court has had occasion to pass upon the sufficiency of charges contained in a recall petition. In Hines v. Dozer, Fla. App. 1961, 134 So.2d 548, we held that legitimate or authorized actions of a city official, although such actions cause extensive opposition among a large segment of the city, are not sufficient to justify a recall. Under this principle, we determined that one of the charges was insufficient. The remaining charges were held to be sufficient because they alleged ill-advised and possibly unlawful acts which affiants urged resulted in a depletion of the City Treasury. It should be noted that in the Hines case, three City Commissioners and the City Clerk of the City of Opa Locka sought to enjoin a recall proceeding. The charges quoted in the opinion were directed to individual acts of the Commissioners.
In the instant case, the trial judge eliminated charges numbered 2, 3 and 6 as insufficient. He sustained, over proper objections of the appellants, the sufficiency of charges numbered 1, 4 and 5. Charge # 1 was as follows:
"1. Failure to stop the illegal sale of alcoholic beverages on Town property in the Community Center after having been notified by interested citizens that such illegal sales were being made. Said sales were made between the period of March 31, 1964 through January 22, 1966."
It will be observed that this charge is vague and indefinite in that it is not directed toward any specific act or failure to act; rather it seeks to charge the two individual Councilmen for their failure to prevent an illegal act. Portions of the Charter of the Town of Surfside are included in the record on this appeal. This Charter imposes on the Council, as a unit, the legislative duties and reserves to a manager the administrative duties. There is no allegation in the charge that the individual Councilman refused to support a proper demand for discharge of the City Manager for a failure to perform his duty. We conclude therefore that charge #1 clearly fails to set forth circumstances which constitute misfeasance, malfeasance or nonfeasance in office.
Charge #4 concerns the sale of revenue bonds without competitive bids. Once again, no individual act of the Councilman *862 is set forth but reference is made to an action of the Commission as a whole. Under this charge, an individual Commissioner could have voted against the action which is now complained of and could still be charged with the act. We feel impelled to point out that we have not been referred to a state law or city ordinance which makes the action of selling revenue bonds at a discount illegal or ill-advised.
Charge #5 sets out an unauthorized expenditure of money contrary to the provisions of the Town Charter. There is a strong possibility that this charge would be sufficient, if it alleged that the individuals complained against voted for the expenditure mentioned. The charge however, does not state how or when the expenditure was made. It does not charge Council action, yet an individual Councilman acts only with a Council majority. If that was the "ground" for recall intended to be charged; that is, against an individual Councilman for taking part in an unlawful Council action, it was not alleged. As a charge leveled against a Councilman for an act done by him individually and contrary to the Charter, it is not alleged that he did so in his official capacity and is otherwise insufficient. This charge appears to be nothing more than the statement of a conclusion or opinion without any tangible basis in fact. See Richard v. Tomlinson, Fla. 1951, 49 So.2d 798.
The Supreme Court has pointed out on several occasions that an officeholder has a property right in his office and that this right may not be unlawfully taken away or illegally infringed upon. State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932).
We have limited ourselves to an inquiry as to whether the charges here examined sufficiently set forth a violation of some duty to the electorate which could be sufficiently identified for the electorate to determine the truth or falsity of the charge. We are cognizant of the comment of the Supreme Court of Florida in State ex rel. Landis v. Tedder, supra, where it was stated:
"Interference with such unusual and extraordinary elections by injunction or otherwise will have no other effect than to delay a particular recall effort until such time as the court is satisfied that the proceedings for the invocation of the desired recall are in sufficient compliance with the law to warrant the calling and holding of an election for that purpose."
Having concluded that error has been demonstrated, the final judgment is reversed and the cause remanded with directions to quash the writ and dismiss the petition.
Reversed.