220 So.2d 408 (1969)
Dan PIVER, Appellant,
v.
Louis B. HOBERMAN and Estelle E. Hoberman, His Wife, Walter Shwitzer and Marion Shwitzer, His Wife, Joseph Rich and Dorothy B. Rich, His Wife, Edith Zuckerman, Jacob Bernstein, Herbert H. Mendell, Jr. and Josephine R. Mendell, His Wife, Appellees.
No. 68-342.
District Court of Appeal of Florida. Third District.
March 4, 1969.
Rehearing Denied April 10, 1969.
Herman Grayson, Miami Beach, for appellant.
Shevin, Goodman & Holtzman, and Jerome H. Shevin, Miami, for appellees.
Before PEARSON, HENDRY and SWANN, JJ.
PER CURIAM.
Dan Piver appeals from an order dismissing his second amended complaint with prejudice for failure to state a cause of action. The complaint charged the appellees with libel of the appellant and conspiracy to libel the appellant.
The appellant was a councilman in the City of North Miami Beach. In his complaint he alleges that the appellees with actual malice toward him circulated a petition for his recall as councilman and that the statement of grounds for the recall was false. We have previously considered this same recall petition in Piver v. Stallman, Fla.App. 1967, 198 So.2d 859. It is clear from the holding in the last cited case and the finding of the trial judge, which eliminated certain of the grounds in the recall petition as insufficient, that the grounds of the recall petition did not charge a crime nor did they charge misconduct in office. The appellant urges nevertheless that the grounds are such that an ordinary man would consider them as charging the appellant with dishonesty in office. The appellant's complaint demonstrates that such a meaning could be derived only by examining the petition for innuendo; therefore, if the statements in the petition are libelous, they are not libelous per se but per quod. Commander v. Pederson, 116 Fla. 148, 156 So. *409 337, 339-340 (1934). See, too, Adams v. News-Journal Corporation, Fla. 1956, 84 So.2d 549, 551. An allegation of special damages is an indispensable element of a complaint if the cause of action alleged is libel per quod. See Campbell v. Jacksonville Kennel Club, Fla. 1953, 66 So.2d 495, 498. We therefore conclude that the trial judge correctly dismissed the appellant's complaint because it contained no allegation of special damages.
We reach this decision without considering the appellees' contention that the statement of grounds in the recall petition was a privileged communication because it was a part of the exercise of the right to recall a councilman as provided by the city charter.
Affirmed.