Alex **GORDON, individually and as a County Commissioner of Dade County, Florida, Plaintiff,**

v.

**E. B. LEATHERMAN, as Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida, Defendant,**

**Clark Merrill, Intervenor.**

Civ. No. 71–62.

United States District Court, S. D. Florida, Miami Division.

March 23, 1971.

Tobias Simon and Beverly Gurevitz, Miami, Fla., for plaintiff.

Ward & Ward, Miami, Fla., for defendant.

James J. McVeigh, Miami, Fla., Robert M. Brake, Coral Gables, Fla., and Daniel P. S. Paul, Miami, Fla., for intervenor.

## MEMORANDUM OPINION

ATKINS, District Judge.

Once again this Court is asked to step into a state procedural process to protect asserted federal constitutional claims. This incursion is made with reluctance but under the teaching of *Zwickler* [1] and its progeny it is clearly indicated.

Plaintiff, an elected member of the Dade County (Florida) Board of County

1. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

Commissioners, seeks injunctive relief against a recall proceeding[2] authorized by Dade County's "home rule" charter[3] because the ordinance contains no requirement that the reasons for the recall must be delineated in the petition for recall or at any other level of the process. The recall ordinance[4] provides that upon receipt by the Clerk of the Circuit Court of the requisite 10,000 signatures of electors, he shall cause them to be canvassed and certify the petition to the Board of County Commissioners. Upon receipt of the certified petition the County Commissioners must immediately set up a recall election wherein the county electors shall determine whether the Commissioner in question should be recalled. A majority of those voting is required to recall a Commissioner.

The injunction is sought against E. B. Leatherman, Clerk of the Circuit Court. The Clerk is the most appropriate subject of an injunction under the facts of this case. It is apparent from the recall

procedure as outlined above that there is absolutely no discretion vested in anyone concerned. Hence, should Mr. Leatherman determine that, according to his records, there are 10,000 valid signatures on the recall petition in question a recall election must be held as a matter of course. Pursuant to the agreement of the parties, Mr. Leatherman has refrained from canvassing all of the recall petitions until further order of this Court.

The Complaint does not make a demand for the constitution of a three-judge district court pursuant to Title 28 U.S.C.A. Section 2281. Such a procedure is inappropriate in this case since the Court is dealing with a county charter. *See*, Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).

Admittedly a forceful case has been made for invoking the recently reinforced doctrine of abstention and remitting or remanding the case to the state courts for a ruling on the basic question of due process. No less author-

2. Section 7.02, Home Rule Charter for Metropolitan Dade County adopted on May 21, 1957 and recorded in Official Records Book 182 at page 667 of the Public Records of Dade County, Florida.

3. *See*, Article VIII, Section 11 of the Florida Constitution of 1885, and Article VIII, Section 6 of the Florida Constitution of 1968, F.S.A.

4. Sec. 7.02. Recall.
Any member of the Board of County Commissioners or the Sheriff or any Constable may be removed from office by the electors of the county, district, or municipality by which he was chosen. The procedure on a recall petition shall be identical with that for an initiatory or referendary petition, except that:

(1) The Clerk of the Circuit Court shall approve the form of the petition.

(2) The person or persons circulating the petition must obtain signatures of electors of the county, district, or municipality concerned in numbers at least equal to ten per cent or 10,000, whichever is smaller, of the qualified voters in the county, district, or municipality.

(3) The signed petition shall be filed with and canvassed and certified by the Clerk of the Circuit Court.

(4) The Board of County Commissioners must provide for a recall election not less than 45 nor more than 90 days after the certification of the petition.

(5) The question of recall shall be placed on the ballot in a manner that will give the elector a clear choice for or against the recall. The result shall be determined by a majority vote of the electors voting on the question.

(6) If the majority is against recall the officer shall continue in office under the terms of his previous election. If the majority is for recall he shall, regardless of any defect in the recall petition, be deemed removed from office immediately.

(7) No recall petition against such an officer shall be certified within one year after he takes office nor within one year after a recall petition against him is defeated.

(8) Any vacancy created by recall in the offices of Sheriff or Constables shall be filled for the remaining term by appointment by the Board of County Commissioners, or the Board may require the office to be filled at the next regular election or at a special election called for that purpose.

ity than Mr. Chief Justice Burger and Mr. Justice Blackmun are cited as dissenters in *Constantineau* [5], the majority opinion of which the plaintiff relies upon heavily. As the Chief Justice said so eloquently:

> "This very wise doctrine (of abstention) is an essential one of policy and is a keystone of federalism." 400 U.S. at 442, 91 S.Ct. at 512.

However, this Court cannot abstain from decision in this case. Plaintiff, as he has the right to do in the circumstances here, has elected this forum, as opposed to a state forum, to challenge a charter provision which has no ambiguity or uncertainty to be resolved by the state courts on state grounds. The only ground advanced by plaintiff is a violation of due process under the United States Constitution and its Amendments. This Court must retain jurisdiction. *Constantineau, supra.*

Jurisdiction of this Court is founded upon Title 28 U.S.C.A. Sections 1331 and 1343; Title 42 U.S.C.A. Sections 1981 through 1985; Title 28 U.S.C.A. Sections 2201 and 2202; and the Fifth and Fourteenth Amendments to the United States Constitution.

The Court has before it for decision only the Motion for Relief Pursuant to Rule 65 of the Federal Rules of Civil Procedure. However, the Complaint has been answered by both the defendant Leatherman and the Intervenor Merrill. The legal issue has been thoroughly briefed and there are no other factual matters that need be presented. It is, therefore, the belief of the Court that it should, in the interest of justice, go beyond the Rule 65 motion and enter final judgment on all issues raised in the Complaint and the Answers.

Under the law of Florida, an elected official has a property right in his office which cannot be taken away except by due process of law. *See*, State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 So. 392 (1931); State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932); Piver v. Stallman, 198 So.2d 859 (3d D.C.A.Fla.1967); and Fair v. Kirk, 317 F.Supp. 12 (N.D.Fla.1970) [three-judge court]. Due process of law means a course of proceeding according to those rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877).

The Florida courts have had numerous opportunities to determine what is meant by due process of law in relation to recall petitions. However, each time Florida Courts have considered due process and recall petitions they have done so in the context of determining whether the grounds stated in the petition (or initiating affidavit) were adequate in meeting the requirements of the statute or charter which requires that grounds be stated. The Florida courts have never had the opportunity, nor has any federal court, to consider a charter recall provision or statute which does not require even the barest of grounds to be stated.[6] This is a case of first impression for the Courts.

Beginning in 1951 with the *Richard*[7] case the Florida courts have clearly established that the courts have the authority to determine, upon motion for an injunction, whether the grounds stated in the recall petition are sufficient.[8] The law that has evolved from this line of cases is to the effect that the recall procedure is available only if the charges presented in the petition relate to: (a) the official's conduct in office, and the

5. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

6. The sole authority cited to the Court which supports the constitutionality of Section 7.02 is the Opinion of the Attorney General for the State of Wisconsin (Jan. 28, 1948) interpreting Section 12, Article XIII, of the Wisconsin Constitution which does not require a recall petition to state the grounds therefor.

7. Richard v. Tomlinson, 49 So.2d 798 (Fla. 1951).

8. *See*, 11 Fla.Jur., Elections, § 155.

ground of the action must be something stronger than a belief;[9] (b) "alleged ill-advised and possibly unlawful acts which the affiants [petitioners] say resulted in a depreciation of the city treasury";[10] and (c) something other than dissatisfaction with the manner in which the official exercised his judgment on a matter before him.[11] The standard set by these cases is that the misconduct alleged must not be of a purely political nature but must border on, if not reach, a charge of misfeasance, malfeasance or nonfeasance in office.[12] Each of these terms connotes or implies some form of unlawful or criminal activity. *See*, State ex rel. Hardie v. Coleman, 115 Fla. 119, 155 So. 129 (1934). Once the Court has determined that this standard has been met by the grounds alleged in the recall petition, it is left to the electorate to determine in the recall election whether or not the charges are true.[13]

█ In situations not involving recall procedures the federal courts have held with unwavering regularity that a public official cannot be removed or expelled from his office upon grounds involving criminal guilt or individual disgrace without notice and hearing. *See*, Fair v. Kirk, *supra*; McCarley v. Sanders, 309 F.Supp. 8 (M.D.Fla.1970) [three-judge court]; Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961); and Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). In each case the court found it necessary to balance the interest of the state with the rights of the individual to procedural due process under the Fourteenth Amendment. Once determining that the right to notice and hearing inures to the individual the courts have found it necessary to determine at what stage in the removal process these rights should be granted.[14] The facts of each case demand a different result.

█ In adopting the Florida Constitution, the Legislature and the electorate believed it necessary to require Dade County to make provision in its "home rule" charter for a method by which the county electorate could recall its elected governing officials.[15] A recall election is a special, extraordinary and unusual proceeding which cuts short an elected official's tenure.[16] The cases cited by Intervenor which hold that an elective office can be eliminated or that the Governor, under proper circumstances, may suspend an elected official are inapposite. The issue before the Court is whether an elected official can be recalled from office, thereby truncating his elected term, by a statute which does not provide for notice of the grounds for recall.

It is difficult to believe that the Legislature intended that such an extraordinary procedure could be invoked without some form of notice of the charges to the challenged official. In fact, there is a noticeable difference in the notice provisions of the earlier recall provisions from those of more recent origin, which

---

9. Joyner v. Shuman, 116 So.2d 472 (2d D.C.A.Fla.1959).

10. Hines v. Dozer, 134 So.2d 548, 550 (3d D.C.A.Fla.1961).

11. Tolar v. Johns, 147 So.2d 196 (2d D.C. A.Fla.1962).

12. Piver v. Stallman, 198 So.2d 859 (3d D.C.A.Fla.1967), cert. den. without opinion, 201 So.2d 897 (Fla.1967).

13. *Id.*

14. It should be noted that the case before the Court is concerned with notice of the charges being brought, not notice that the recall procedure is being invoked. The plaintiff would be guaranteed of receiving the latter form of notice when the petition is presented to the Commission for action. *See*, Campbell v. Johnson, 182 So.2d 244 (Fla.1966).

15. Fla.Const. art. 8, § 6 (1968), retaining Fla.Const. art. 8, § 11(i) (1885).

16. DuBose v. Kelly, 132 Fla. 548, 181 So. 11 (1938).

evinces an awareness of the requirement for notice. The earlier recall provisions, as evidenced by the provision considered in DuBose v. Kelly [17], required only that an affidavit stating the grounds for recall be signed by 25 electors. Upon presentation to and filing by the Clerk, petition forms would be provided the petitioners for circulation to acquire the needed signatures. This affidavit, being of record, was available to the official sought to be recalled and to the public. The more recent recall provisions, as evidenced by the provision considered in Joyner v. Shuman,[18] require that the petition itself contain a statement in two hundred words or less of the grounds for recall. This is a far superior form of notice of the charges because it does not require any inquiry beyond an examination of the petition itself.

This change in the requirements of the recall provisions manifests another reason why notice of the charges is required. The recent Florida cases have been concerned with the need fully to inform the electors of the facts upon which the charges are based so that they might realistically and fairly determine their truth or falsity.[19] It is important that the charges appear on the petition itself so that both those who sign the petition and those who vote in the recall election do so informatively. This is not wholly apart from the opportunity it affords the official to know and rebut those charges for he is entitled to be removed from office only by an informed electorate.

Therefore, if the law of Florida requires that the grounds alleged in a recall petition must constitute or border upon malfeasance, misfeasance or nonfeasance in office and federal courts require notice and hearing where the charge involves criminal guilt or individual disgrace it must be said that the recall provision in question must, by its terms, provide for notice of the charges or fail as being unconstitutional. Section 7.02 fails to provide for notice of the charges and therefore is unconstitutional.

█ Intervenor asserts that, assuming arguendo the unconstitutionality of Section 7.02, there has been no violation of plaintiff's right to notice because there was affixed to each petition a letter stating the grounds for recall. Exhibits A and B to Answer of Intervenor. This argument is totally without merit because the Court can look only to Section 7.02. Because the reasons are not required to be stated and the need for proof that this statement of reasons was attached to each petition and available to each of the 10,000 signatories, it would be virtually impossible for plaintiff to have these grounds reviewed by the Florida courts.

Intervenor's argument does, however, point up the very danger that notice is designed to prevent. It is apparent from a review of the statement of reasons that the Florida courts would strike several of the eight grounds as not meeting their standards. Other charges border upon accusations of criminal conduct and individual disgrace which require that notice be given.

It is also argued that the plaintiff receives both his notice and hearing either at the time of the recall election or during the political campaign necessarily incident thereto. The Court believes, without any question being raised, that the recall election provides the ideal hearing required by due process. However, it does not assure notice of the facts upon which the charges are based to either the official for rebuttal or to the electorate for the exercise of an informed vote. This delayed and unarticulated notice of the charges prevents the official from challenging the validity of the grounds in the courts.[20]

17. *Id.*

18. *Supra,* note 9.

19. *See,* Richard v. Tomlinson, *supra*; Piver v. Stallman, *supra.*

20. According to the terms of Section 7.02 (6), once the official is recalled he cannot challenge any defect in the recall petition. Basic fairness would dictate that the official be given an opportunity

■ ■ By way of defense, Intervenor challenges plaintiff's standing to sue on the basis of estoppel and laches, neither of which contains any merit. Plaintiff's right to seek elected office, and to remain in office once elected, cannot be conditioned upon waiver of constitutional right to due process.[21] Nor can plaintiff bė estopped by his having been on the Commission when the petition forms were approved. In accepting election to office, plaintiff must be held to be aware of Section 7.02 but having found that Section 7.02 is unconstitutional, the Court cannot bind plaintiff to any form of waiver. *See*, State ex rel. Hatton v. Joughin, *supra*. The court has stated above that the most appropriate subject of an injunction is the Clerk. Therefore, the plaintiff cannot be found guilty of laches. To find plaintiff guilty of laches this Court would have to say that plaintiff should have sought an injunction against every elector in Dade County. Additionally, plaintiff was not threatened with injury until the Clerk received the petitions containing 10,000 valid signatures. It is therefore,

Ordered and adjudged as follows:

(1) That the defendant E. B. Leatherman be and the same is hereby permanently enjoined from proceeding with the canvassing and certification of the recall petition presently in his possession seeking the recall of plaintiff Alex Gordon; and

(2) That, pursuant to Title 28 U.S. C.A. Sections 2201 and 2202, Section 7.02 of the Home Rule Charter for Metropolitan Dade County adopted on May 21, 1957 and recorded in Official Records Book 182 at page 667 of the Public Records of Dade County, Florida is hereby declared to be unconstitutional for the reason that, and to the limited extent that, it fails to require some form of notice of the reasons for recall.

to challenge the sufficiency of the charges against him before submission to the voters. This was done in the *Richard, Joyner, Hines* and *Tolar* cases, *supra*.

21. *See, e. g.*, Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952).