PER CURIAM:
Constitutional stay writ in this same cause was denied on March 7, 1972.
The appeal proper is upon constitutional grounds on direct appeal from the Eleventh Judicial Circuit of Dade County. Fla. Const. art. V, § 4(2), F.S.A. The cause has been carefully considered on the able briefs and complete record before us which indicate no need for oral argument which is dispensed with. F.A.R. 3.10, subd. e, 32 F.S.A.
Appellants challenge the validity on constitutional grounds of § 7.02 of the Dade County Home Rule Charter which provides for recall of Dade Commissioners upon the “majority vote of the electors voting” in an election initiated by a petition with signatures of “10% or 10,000, whichever is smaller, of the qualified voters in the county.” There is no requirement that the recall petition or ballot shall contain any allegation or statement as to the reasons for the recall sought.[1] Dade Home Rule is preserved in Fla.Const. art. VIII, § 6(e) (1968).
The absence of a provision in the charter to require a reason for recall to be set forth is challenged as unconstitutional in denying appellants (1) the property right of the Commission seat and emoluments of office held (by Gordon, an incumbent) without due process and (2) in violation of §§ 2 and 9 of art. I of the Florida Constitution guaranteeing due process and the *138 protection of property rights.[2] Appellants also cite our holding in Sproat v. Arnau, 213 So.2d 692 (Fla. 1968).
Essentially the same constitutional objections were made in the initial attempt to enjoin the recall in the federal courts in Gordon v. Leatherman, 325 F.Supp. 494 (U.S.Dist.Ct.So.Dist. of Fla.1971), asserting the constitutional grounds under the Fourteenth Amendment of the U. S. Constitution. The Southern District agreed with Commissioner Gordon but the Fifth Circuit Court of Appeals reversed at 450 F.2d 562 (1971) upholding the constitutionality of the Metro Charter recall provision.[3] Rehearing was denied on January 5, 1972; application for a stay was denied by the United States Supreme Court on January 26, 1972.
Federal jurisdiction has been invoked. (“Plaintiff * * * has elected his forum, as opposed to a state forum,” the U. S. District opinion puts it.) The federal courts, up to the U. S. Supreme Court, have spoken and have reached a final decision on essentially the same questions in the same matter. We would be most reluctant to “overrule” our federal brothers in any “state intrusion” (as we should hope would be reciprocated in a converse situation).
We accordingly extend the rule of comity in recognizing the federal decision since there was a choice of that forum, which was appellants’ privilege. We recognize such decision as controlling here, with the result that the denial of injunctive relief by the able chancellor is
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

. The recall carried in the March 14,1972, election.

. Tlie further facts are set forth in the U. S. District Court opinion and in the reversing Court of Appeals opinion, infra.

. Reviewed in The Florida Bar, March 1972, p. 170, by Barry G. Craig, Esquire.