308 So.2d 132 (1975)
Philip M. FRIEDER, Appellant,
v.
Bruce PRINCE et al., Appellees.
No. 74-683.
District Court of Appeal of Florida, Third District.
February 18, 1975.
*133 William A. Frieder, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Mark Hicks, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, Philip M. Frieder, seeks reversal of an order entered by the trial court dismissing with prejudice his second amended complaint charging the appellees, members of the board of directors of the South Florida Association of Dispensing Opticians, with libel.
In the amended complaint, Frieder alleged that a notice sent to members and non-members of the Association advising them of a special addition to the agenda of the Association's general business meeting of April 11, 1973 was libelous per quod.
The notice contained the following statement:
"The Board of Directors of the South Florida Association of Dispensing Opticians has sufficient evidence to bring up the subject of the removal of Phillip (sic) Frieder from his position on the Board of Directors."
Appellant contends that the "net effect" of the notice coupled with another publication, apparently an advertisement, was to inform other opticians that he was in violation of Fla. Stat. § 484.06, F.S.A. (entitled "Optical Dispensing; unlawful acts"), and thus guilty both of unethical conduct and a misdemeanor under Fla. Stat. § 484.09, F.S.A.
Frieder argues that the complaint states a cause of action, and the trial court was in error when it dismissed the complaint with prejudice. We cannot agree.
In the Florida Supreme Court's decision rendered in the case of Loeb v. Geronemus, Fla. 1953, 66 So.2d 241, appears the following:
"(T)he general rule is that statements and communications made in connection with the various activities of such an organization (a Jewish Community Center) or group enjoy a qualified privilege. Under the rule it is held that members of such bodies `may report on the qualifications of applicants, prefer charges against fellow members, offer testimony *134 in support of the charges, and make proper publication of any disciplinary action that may be taken, without liability for any resultant defamation, so long as they act without malice.' 33 Am.Jur., Libel and Slander, Sec. 132 (emphasis supplied)."
The type of malice which the court stated is necessary to vitiate the qualified privilege is actual malice. We think the complaint filed by Frieder in this case fails to set forth facts which are legally sufficient to establish actual malice.
In addition, the amended complaint does not state with specificity the appellant's claim of special damages, a clear prerequisite in an action based upon libel per quod. See, Piver v. Hoberman, Fla. App. 1969, 220 So.2d 408; Florida RCP 1.120(g).
Therefore, for the reasons stated, the order on the pleadings and final judgment entered by the trial court is affirmed.
Affirmed.