### SPIEGEL, et al v. CITY OF HALLANDALE, et al.
No. 75-10573.

Circuit Court, Broward County.

July 17, 1975.

178

Roger G. Stanway, Hollywood, for the plaintiffs.

Joseph J. Glazer, Hallandale, for Ad Hoc Committee.

Robert Miller, City Attorney, Hallandale.

ARTHUR J. FRANZA, Circuit Judge.

This cause came on to be heard on July 15, 1975 on plaintiff commissioners' motion for a temporary injunction enjoining the city of Hallandale and the city clerk from continuing their ministerial functions pursuant to Fla. Stat. 100.361 (1)(f) on two legal grounds.

The first being, that the recall petition itself is invalid in that it does not meet the requirements of Fla. Stat. 100.361 (1)(c) and the second being, that the grounds for the recall do not meet the standard of the statute subsection (1)(b) or case law defining same.

It is apparent that the petitions themselves may be invalid. The statute clearly states that the circulator —

> "verify the fact that [he] saw *each* person sign . . . and that [it] was signed in the presence of the circulator."

The evidence clearly demonstrates that some signatures were invalid. A husband would sign for his wife and vice versa in contradiction of the statute which states that the circulator must see each person sign the petition for recall. However, the evidence did not support the invalidity of the petition on these grounds as the proof of such illegal signing fell short by mathematical computation. A cursory examination of the petition does show double signatures occurred elsewhere in the petition and a little more industry of proof would have made the petition statutorily defective. The court therefore does not pass on the validity vel non of the petition as it prefers to examine the broader substantive argument of the plaintiffs.

Do the charges specified in the petition for recall merit an approval for indictment by recall and do the charges show probable cause for furthering the process according to statute?

The charges for recall against both commissioners, based on malfeasance, misfeasance and neglect of duty are as follows —

1. He voted for and passed a salary increase for himself and other commissioners to $600 per month in violation of the Hallandale Charter.

2. He, with others, enacted into law a 10% increase in the 1974 "ad valorem tax" rate without required proof of need for an increase, pursuant to law.

3. He voted for and passed general fund, water fund and sewer fund budget ordinances for fiscal year 1974/1975, without credible income and expense estimates.

4. He has demonstrated complete lack of knowledge and understanding of city budgeting and financing procedures.

5. He voted for and rehired an investigator, after he knew the investigator investigated private citizens' activities prior to their moving to Florida.

6. He permitted the city manager and personnel director to hire employees to work for the city with U.S. funds under the CETA program in violation of the federal guidelines. Existing identified budget approved jobs were billed with federal funds.

7. He failed to protect the city's financial integrity by misuse of funds, among other things, adverse litigation findings against attorneys' advice.

Although recall was instituted against only two commissioners, obviously all five voted for and were involved in these alleged acts of malfeasance, etc. Why were only two commissioners sought to be recalled by this ad hoc committee, intervenors? The testimony showed that the main and perhaps only compelling reason was that these two commissioners did not vote for or acquiesce in the termination of employment of the then city manager. The testimony further showed that one commissioner escaped recall because he did change his vote for termination rather than retention of the city manager.

This is a sad comment on the politics of Hallandale. Every branch of government needs citizen concern, involvement and reasonable criticism but not to the point where a self-created committee can interfere with and negate the will of the people (exer-

cised by their franchise) to oust a minority philosophy or opinion on crucial legislative functions.

In a democracy a minority view is essential for its survival so that the people for whom government is for, by and of, have diverse philosophies or personalities as the case may be presented to them for consideration. A majority or pressure group ought not under our system politically assassinate the minority through the vehicle of recall unless the grounds for recall are real, substantive and constitute malfeasance, misfeasance or neglect of duty.

To permit the death of a minority philosophy by pressure fiat through the guise of a recall, or any other way, solely because it may be different from that of the majority, is to permit the death of democracy and the birth of dictatorship, whether it be on a municipal, county, state or national level.

Power politics and the pursuit of happiness in peace seem to be opposites. Nevertheless, there ought to be some civility and peace in politics especially where the people have spoken through an election. That's where it ought to stay, with the people so they can speak again.

Politics to be noble should be a presentation of political ideology to the people in a precise, cogent and civil manner. Hallandale politics unfortunately does not meet this standard.

For politics to be democratic the minority must be heard, their voices not be stilled.

Hallandale is only one city out of twenty-nine in this county. Its politics are just too turbulent and noisy. Too often through incessant and interminable litigation, judicial pampers are requested to be applied to one side or the other in every conceivable situation and the task is becoming not only onerous but unpleasant. These are not dimpled rumps but grown up grumps who should know better.

The political blocs within this city should learn to coexist or at least manage a détente. Just look up at the Soyuz and Apollo. They must live with one another to rule one day and be ruled the next. The differing tides of philosophies in different times wash away what once was only in turn to be washed away themselves. That's the way a democracy works.

Malfeasance is the commission of some act which is positively unlawful or wholly wrongful. Misfeasance is the improper performance of some acts which a person may lawfully do.

Section 31 of the charter of the city of Hallandale was entitled "Recall Provisions" and provides, in part, as follows —

"Any elective officer of said city may be recalled and re-moved therefrom by the electors of the city as herein pro-vided. Any one hundred (100) qualified electors of the said city may make and file with the city clerk an affidavit con-taining the name or names of the elective officer or officers whose removal is sought and a *statement of the grounds* for which removal is sought." (Emphasis supplied)

Fla. Stat. 100.361 did not change the substantive law on this subject. It just provided for a uniform statewide procedure for recall. In Piver v. Stallman, 198 So.2d, 859, and Taines v. Galvin, 279 So2d 9, the court has stated —

"In the case sub judice, the affidavits for recall which were filed contained as grounds therefore a charge of general 'misfeasance, malfeasance, and non-feasance', and three specific charges which amounted to no more than unpopular actions in regard to contraversial issues. There were no alle-gations of actions which were beyond the councilmen's authority or were in any way illegal, clearly these charges were insufficient under the rules above-cited."

In Richard v. Tomlinson, Fla. 1951, 49 So.2d, 798, the Supreme Court stated —

"We think such a statement falls woefully short of meeting the requirement of the statute. When the legislature was at pains to specify as a basis for a recall that a sworn statement should be given containing a ground for removal, we apprehend that a real foundation for such a harsh test was meant, and we think too it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office. The ground for the action was con-templated to be something stronger than a belief or an idea; and the one set out in the affidavit before us amounts to no more than one of these. The paper in no way apprised the petitioner of the charge he would be expected to meet were the recall election held, nor would any elector participating in such an election know what issue was intended to be drawn."

The charges in these petitions for recall are no charges at all. The current action in this case is a pure political ploy swirling around the ouster of the city manager, so undisguised, contemp-tuous of our ideals and especially abhorrent in this our bicentennial year.

Mahatma could not envision an India of today yet it can and does happen from the most outwardly pacific of people. We do not want that to happen here. Mahatma's soul is shedding tears. Let

not our Jefferson's and Lincoln's also cry out in pain. They deserve the peace of rest as we ought to let them rest in peace in the knowledge that we will fight in some small measure to preserve that which they fought, died and bled to create, a beautiful America.

Accordingly, it is ordered and adjudged —

(1) The plaintiffs' prayer for temporary injunction be and the same is hereby granted without bond.

(2) Anent any other pleading or evidence plaintiff may move for a permanent injunction.

(3) The defendants, city of Hallandale, a municipal corporation and Faye J. Stetser, as city clerk of the City of Hallandale, and Aaron Raphael, chairman of the ad hoc committee for recall, intervenors — defendants, be and they are hereby enjoined and restrained from proceeding further with the preparation of the instant recall petitions pursuant to Florida Statute 100.361.